# UNITED STATES DISTRICT COURT

## District of Minnesota

FILED LODGED RECEIVED MAIL

JAN - 5 2003

AT SEATTLE CLERK U.S. DISTRICT COURT WESTERN DISTRICT OF WASHINGTON BY DEPUTY

***RESPOND TO:***

( x ) U.S. District Court, 700 Federal Building, 316 N. Robert St., St. Paul, MN 55101 Phone (651) 848-1100

( o ) U.S. District Court, 202 U. S. Courthouse, 300 S. Fourth St., Minneapolis., MN 55415 Phone (612) 664-5000

( ) U.S. District Court, 417 Federal Building, 515 W. First St., Duluth, MN 55802 Phone (218) 529-3500

| | |
|---|---|
| **DATE:** 12/23/02 | **CIVIL FILE NUMBER:** 01-2431 DWF/AJB |
| **CASE TITLE:** Quezada v McKesson Corp | |
| [ ] | The above entitled action was: ( ) removed from county court ( ) transferred from another district, and filed in ( ) Minneapolis ( ) St. Paul ( ) Duluth, on ______ assigned to Judge ______ and Magistrate Judge ______ Please direct future filings to the office indicated at top of this form. |
| [ ] | The above entitled action was filed in this court on ______, assigned to Judge ______ and referred to U. S. Magistrate Judge ______ The file will be maintained at the Clerk's office in the District of Minnesota in ______ Please note this information for future reference. cc to: |
| [ ] | **LR79.1(d) and/or LR 37.2 DISCOVERY MOTIONS: Discovery documents are returned.** |
| [ ] | A certified copy of the Order of Remand is enclosed. |
| x | The above entitled action is being transferred to your court pursuant to Order of Judge Michael J. Beck, Clerk filed 12/23/02 A certified copy of the order and docket entries are included, along with the original court file. Please acknowledge receipt of this file by returning a date-stamped copy of this notice indicating the filing date and civil case number assigned in your court. |
| [ ] | A Bill of Costs is to be submitted on a form as provided by the court. Form AO133 and instructions for completion are attached. |
| [ ] | Your original documents are returned. Copies of state court documents were submitted when the action was removed to this court. |
| [ ] | OTHER: |

Deputy Clerk: ______

Vickie Moralez

CV 02-2599 #7

7

K:\XFR\forms\civil\Cklist.frm

Modified 12/03/02

U.S. District Court
U.S. District Court -- Western Washington (Seattle)

CIVIL DOCKET FOR CASE #: 02-CV-2599

Quesada v. McKesson Corp
Filed: 01/05/03
Assigned to: Judge Barbara J. Rothstein
Jury demand: Both
Demand: $0,000
Nature of Suit: 365
Lead Docket: None
Jurisdiction: Diversity
Dkt # in Dist of Minnesota : is 01-cv-2431

Cause: 28:1332 Diversity-Product Liability

ALICIA QUESADA
plaintiff

Gale Diane Pearson
FTS FAX
FAX 1-612-342-2399
[COR LD NTC]
ROBINSON, CALCAGNIE AND ROBINSON
400 SO. 4TH ST
STE 1012
MINNEAPOLIS, MN 55415
612-332-0351

v.

MCKESSON CORPORATION
defendant

Kim M Schmid
612-339-8682
[COR LD NTC]
Roshan N Rajkumar
612-339-8682
[COR LD NTC]
BOWMAN & BROOKE
150 S 5TH STREET
STE 2600
MINNEAPOLIS, MN 55415
612-339-8682

Proceedings include all events.
2:02cv2599 Quesada v. McKesson Corp

| | | |
|---|---|---|
| 1/5/03 | 7 | TRANSMITTAL OF DOCUMENTS from District of Minnesota per MDL Order (CTO-23) dated December 19, 2002 re: MDL 1407 (PPA). Dist of Minnesota civil case no. 01-cv-2431 and WAW No C02-2599R. (vb) [Entry date 01/22/03] |
| 1/5/03 | -- | ENT- The Clerk will maintain a master docket and case file under the style PPA cases: orders, pleadings, motions, and other documents will, when filed and docketed in the Master Case File, be deemed filed and docketed in each individual case to the extent possible. (vb) [Entry date 01/22/03] |

TRMNTC MDL
TRANSF

U.S. District Court
District of Minnesota

CIVIL DOCKET FOR CASE #: 01-CV-2431

Quezada v. McKesson Corporation — Filed: 12/28/01
Assigned to: Judge Donovan W Frank — Jury demand: Both
Referred to: Magistrate Judge Arthur J Boylan
Demand: $0,000 — Nature of Suit: 365
Lead Docket: None — Jurisdiction: Diversity
Dkt# in other court: None

Cause: 28:1332 Diversity-Personal Injury

ALICIA QUEZADA
plaintiff

Gale Diane Pearson
FAX 6123422399
[COR LD NTC]
400 4th St S Ste 1012
Mpls, MN 55415
612-332-0351

A true copy in 2 sheet (s)
of the record in my custody,
CERTIFIED, 12 28, 2002
Richard D. Sletten, Clerk
BY: [signature]
Deputy Clerk

v.

MCKESSON CORPORATION
defendant

Kim M Schmid
FAX 6126723200
[COR LD NTC]
Roshan N Rajkumar
[COR LD NTC]
Bowman & Brooke
Ste 2600
150 S 5th St
Mpls, MN 55402
(612) 339-8682

| | | |
|---|---|---|
| 12/28/01 | 1 | COMPLAINT - Summons issued. Assigned to Judge Donovan W. Frank per master list and referred to Magistrate Judge Arthur J. Boylan. Receipt 254212. 8pg(s) (jr) [Entry date 01/02/02] |
| 12/28/01 | -- | Mailed copy of complaint to MDL for review (jr) [Entry date 01/02/02] |
| 1/15/02 | 2 | AFFIDAVIT OF SERVICE re summons and complaint executed upon defendant McKesson Corporation on 1/4/02 1pg(s) (jr) [Entry date 01/16/02] |
| 2/7/02 | 3 | ANSWER by defendant; jury demand 7pg(s) (jr) [Entry date 02/11/02] |
| 9/23/02 | 4 | NOTICE OF PRETRIAL CONFERENCE ( Magistrate Judge Arthur J. Boylan / 9/23/2) pretrial conference set for 9:45 a.m. on 11/7/02; Rule report ddl set for 10/24/02 (4pg(s) (cc: all counsel) (dc) [Entry date 09/26/02] |
| 10/8/02 | 5 | NOTICE OF CANCELLATION ( Magistrate Judge Arthur J. Boylan / 10/8/2) that the pretrial conference scheduled to be held on 11/7/2 at 9:45 a.m. has been canceled [4-2]. (1pg(s) (cc: all counsel) (dc) [Entry date 10/10/02] [Edit date 10/10/02] |
| 12/23/02 | 6 | CERTIFIED COPY OF CONDITIONAL TRANSFER ORDER (Judicial Panel on Multidistrict Litigation ) transferring case per the MDL panel from District of Minnesota CV 01-2431 DWF/AJB to Mr. Bruce Rifkin Clerk United States District Court 215 William Kenzo Nakamura United States Courthouse 1010 Fifth Avenue Seattle, WA 98104-1130 for coordinated or consolidated pretrial proceedings. 8pgs (cc: all counsel) Mailed entire file and certified copy of docket entries to Western District of WA. (vem) [Entry date 12/28/02] |

JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

DEC - 3 2002

FILED CLERK'S OFFICE

*DOCKET NO. 1407*

***BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION***

***IN RE PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION***

A true copy in 8 sheet (s) of the record in my custody, CERTIFIED, 12-28 2002 Richard D. Sletten, Clerk BY: [signature] Deputy Clerk

***(SEE ATTACHED SCHEDULE)***

***CONDITIONAL TRANSFER ORDER (CTO-23)***

On August 28, 2001, the Panel transferred eight civil actions to the United States District Court for the Western District of Washington for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. Since that time, 673 additional actions have been transferred to the Western District of Washington. With the consent of that court, all such actions have been assigned to the Honorable Barbara Jacobs Rothstein.

It appears that the actions on this conditional transfer order involve questions of fact which are common to the actions previously transferred to the Western District of Washington and assigned to Judge Rothstein.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Western District of Washington for the reasons stated in the order of August 28, 2001, 173 F.Supp.2d 1377 (J.P.M.L. 2001), and, with the consent of that court, assigned to the Honorable Barbara Jacobs Rothstein.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Western District of Washington. The transmittal of this order to said Clerk shall be stayed fifteen (15) days from the entry thereof and if any party files a notice of opposition with the Clerk of the Panel within this fifteen (15) day period, the stay will be continued until further order of the Panel.

**Inasmuch as no objection is pending at this time, the stay is lifted.**

DEC 19 2002

**CLERK'S OFFICE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

FOR THE PANEL:

*Michael J. Beck*

Michael J. Beck
Clerk of the Panel

(6)

FILED DEC 23 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**SCHEDULE CTO-23 - TAG ALONG CASES**
**DOCKET NO. 1407**
**IN RE PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION**

| DISTRICT | DIV. | CIVIL ACTION# | |
|---|---|---|---|
| ALABAMA NORTHERN | | | |
| ALN | 2 | 02-2432 | Gary Boyd, et al. v. Bayer Corp. |
| ALN | 2 | 02-2508 | Jesse Bandy, et al. v. Bayer Corp., et al. |
| ALN | 2 | 02-2509 | John M. Bruce, Sr. v. Bayer Corp., et al. |
| ALN | 2 | 02-2550 | Roosevelt Harris, et al. v. The Delaco Co., et al. |
| ALN | 2 | 02-2671 | Joyce K. Glover v. Bayer Corp., et al. |
| ALN | 5 | 02-2270 | Richard Nail v. Delaco Co., et al. |
| ALN | 6 | 02-2359 | Sheila Bridgmon, etc. v. Wyeth, Inc., et al. |
| GEORGIA MIDDLE | | | |
| GAM | 3 | 02-109 | Eddie James Brown v. Bayer Corp., et al. |
| GEORGIA NORTHERN | | | |
| GAN | 1 | 02-2682 | Roy Wiggins, et al. v. Bayer Corp. |
| LOUISIANA EASTERN | | | |
| LAE | 2 | 02-3044 | Ricky L. Danby, II, et al. v. Bayer Corp., et al. |
| LAE | 2 | 02-3334 | Dora Saverin, et al. v. Bayer Corp., et al. |
| LOUISIANA WESTERN | | | |
| LAW | 5 | 02-1295 | Ellen McCullough, et al. v. American Home Products Corp., et al. |
| MASSACHUSETTS | | | |
| MA | 1 | 02-11858 | Cindy Ann Hunter v. Bayer Corp., et al. |
| MARYLAND | | | |
| MD | 1 | 02-323 | Joseph L. Peyton v. Perrigo Co., et al. |
| MD | 8 | 02-3291 | Jean M. Smith, et al. v. Procter & Gamble Co., et al. |
| MINNESOTA | | | |
| ← MN | 0 | 01-2431 | Alicia Quezada v. McKesson Corp. |
| MN | 0 | 02-3680 | Jeffrey Leonard v. Chattem, Inc. |
| MN | 0 | 02-3684 | Cheryl Lynn Turner, etc. v. American Home Products Corp. |
| MN | 0 | 02-3813 | Kathy C. Johnson, etc. v. Bayer Corp. |
| MN | 0 | 02-4091 | Mary Lamb v. Bayer Corp. |
| MN | 0 | 02-4126 | Robert B. Harris, Jr., etc. v. American Home Products Corp. |
| MN | 0 | 02-4128 | Barbara Whaley v. Chattem, Inc. |
| MN | 0 | 02-4152 | James R. Martin v. Bayer Corp. |
| MISSISSIPPI NORTHERN | | | |
| MSN | 2 | 02-227 | John L. Searcy, et al. v. Bayer Consumer Care Division |
| ~~MSN~~ | ~~2~~ | ~~02-260~~ | ~~Ruby Cunningham v. Bayer Corp., et al.~~ OPPOSED 12/16/02 |
| MSN | 4 | 02-256 | James Brisco v. Bayer AG, et al. |
| MISSISSIPPI SOUTHERN | | | |
| ~~MSS~~ | ~~3~~ | ~~02-1587~~ | ~~William Huff, etc. v. Chattem, Inc., et al.~~ OPPOSED 12/18/02 |
| MSS | 3 | 02-1650 | Lawrence Wren v. Bayer Corp., et al. |
| MSS | 3 | 02-1651 | Earnest Woodard v. Bayer Corp., et al. |
| MSS | 5 | 02-628 | Arthur Council v. Bayer AG, et al. |

| DISTRICT | DIV. | CIVIL ACTION# | |
|---|---|---|---|
| NEW JERSEY | | | |
| NJ | 2 | 02-5134 | Sharon Anders v. Novartis Consumer Health, Inc. |
| NJ | 2 | 02-5136 | Melvyn Gossett, et al. v. Novartis Consumer Health, Inc. |
| NJ | 2 | 02-5138 | Karen Hollar, et al. v. Novartis Consumer Health, Inc. |
| NEW YORK SOUTHERN | | | |
| NYS | 7 | 02-7979 | Patricia Wood v. Whitehall-Robins |
| OKLAHOMA NORTHERN | | | |
| OKN | 4 | 02-503 | Florene Law, et al. v. Zee Medical, Inc., et al. |
| PENNSYLVANIA EASTERN | | | |
| PAE | 2 | 02-7285 | Gerald Faut, et al. v. Smithkline Beecham Corp. |
| SOUTH CAROLINA | | | |
| SC | 3 | 02-3044 | Carrie Tompkins v. Bristol-Myers, Inc., et al. |
| TEXAS EASTERN | | | |
| TXE | 1 | 02-667 | Audrey Bertrand, et al. v. Delaco Co., et al. |
| TXE | 1 | 02-730 | Kathryne A. Colligan, et al. v. Bristol-Myers Squibb Co. |
| TXE | 5 | 02-242 | Bobbie Ray Gentry, et al. v. Bayer Corp., et al. |
| TEXAS NORTHERN | | | |
| TXN | 3 | 02-2359 | Amanda Carrisalez, et al. v. Wyeth, et al. |
| TEXAS SOUTHERN | | | |
| TXS | 3 | 02-751 | Pamela Griffin, et al. v. Novartis Consumer Health, Inc., et al. |
| TXS | 4 | 02-3584 | Joe Avalos, et al. v. Bayer Corp., et al. |
| TXS | 4 | 02-3825 | Alma Tanner, et al. v. Wyeth, Inc., et al. |
| TXS | 4 | 02-4023 | Charles Michael Brumley, et al. v. Wyeth, et al. |
| TXS | 4 | 02-4183 | Raymond Eugene Foster v. Novartis Consumer Health, Inc., et al. |
| TXS | 7 | 02-464 | Pedro Garza, et al. v. Bayer Corp., et al. |
| TEXAS WESTERN | | | |
| TXW | 3 | 02-500 | Maria McClellan, et al. v. Bayer Corp., et al. |

# INVOLVED COUNSEL LIST (CTO-23)
# DOCKET NO. 1407
# IN RE PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION

Joseph P.H. Babington
Helmsing, Leach, Herlong, et al.
Laclede Building, Suite 2000
150 Government Street
P.O. Box 2767
Mobile, AL 36652

William L. Ballard
Ballard Still & Ayres
1201 Peachtree Street, N.E.
400 Colony Square, Suite 1018
Atlanta, GA 30361

Deborah E. Barnard
Holland & Knight, LLP
10 St. James Avenue
Boston, MA 02116

Daniel E. Becnel, Jr.
Law Offices of Daniel E. Becnel, Jr.
106 West Seventh Street
P.O. Drawer H
Reserve, LA 70084

Bill's Dollar Store
Fayette Plaza Shopping Center
Fayette, MS 39069

Mark Kimball Blongewicz
Hall Estill Hardwick Gable Golden & Nelson
320 S. Boston
Suite 400
Tulsa, OK 74103-3708

Walter H. Boone
Forman Perry Watkins Krutz & Tardy
P.O. Box 22608
Jackson, MS 39225-2608

Neville H. Boschert
Watkins, Ludlam, Winter & Stennis, P.A.
P.O. Box 427
Jackson, MS 39205-0427

Eric S. Brock
215 East Bay Street
Suite 305
Charleston, SC 29401

Terry Bryant
8584 Katy Freeway
Suite 100
Houston, TX 77024-1808

Richard O. Burson
Ferris, Burson & Entrekin, PLLC
P.O. Box 1289
Laurel, MS 39441-1289

Isaac K. Byrd, Jr.
Byrd & Associates
427 East Fortification Street
P.O. Box 19
Jackson, MS 39205-0019

Ralph E. Chapman
Chapman, Lewis & Swan
P.O. Box 428
Clarksdale, MS 38614-0428

Mark R. Cuker
Williams & Cuker
1617 JFK Blvd.
Suite 800
Philadelphia, PA 19103

William M. Dalehite, Jr.
Steen, Reynolds & Dalehite
P.O. Box 900
Jackson, MS 39205-0900

David E. Dukes
Nelson, Mullins, Riley & Scarborough, LLP
1330 Lady Street
Keenan Bldg., 3rd Floor
P.O. Box 11070
Columbia, SC 29211

Tom Dutton
Pittman, Hooks, Dutton & Hollis, P.C.
Park Place Tower
Suite 1100
2001 Park Place North
Birmingham, AL 35203

Eckerd Drugs of Georgia
c/o CT Corporation System
1201 Peachtree Street, NE
Atlanta, GA 30361

Richard M. Edmonson
Heidelberg & Woodliff
P.O. Box 23040
Jackson, MS 39225-3040

David M. Eisbrouch
Balkin & Eisbrouch
50 Main Street
Suite 6
Hackensack, NJ 07601

Ruskin C. Foster
McCutchen, Blanton, Rhodes & Johnson
P.O. Box 11209
Columbia, SC 29211-1209

James W. Gewin
Bradley Arant Rose & White, LLP
One Federal Place
1819 Fifth Avenue North
P.O. Box 830709
Birmingham, AL 35283-0709

Ronald S. Goldser
Zimmerman Reed, PLLP
651 Nichollet Avenue
Suite 501
Minneapolis, MN 55402-4123

William F. Goodman, III
Watkins & Eager
P.O. Box 650
Jackson, MS 39205-0650

William S. Guy
Law Offices of William S. Guy
909 Delaware Avenue
P.O. Box 509
McComb, MS 39649-0509

Douglas A. Hofmann
Williams, Kastner & Gibbs
P.O. Box 21926
Seattle, WA 98111

Jesse L. Howell, III
Copeland, Cook, Taylor & Bush, P.A.
200 Concourse, Suite 200
1062 Highland Colony Parkway
P.O. Box 6020
Ridgeland, MS 39158-6020

Joseph Hurson
Lane, Powell, Spears & Lubersky
1420 5th Avenue
Suite 4100
Seattle, WA 98101

Edley H. Jones, III
Law Offices of Edley H. Jones, III
P.O. Box 3171
Ridgeland, MS 39158-3171

Jane E. Joseph
Lopez, Hodes, Restaino, et al.
625 Market Street
15th Floor
San Francisco, CA 94105

Ross Stuart Katz
Robinson & Cole
780 Third Avenue
4th Floor
New York, NY 10017

Dana G. Kirk
Kirk Law Firm
4265 San Felipe Street
Suite 1400
Houston, TX 77027

Dow N. Kirkpatrick, II
Alston & Bird
4200 One Atlantic Center
1201 W. Peachtree Street
Atlanta, GA 30309-3424

Peter A. Kraus
Walter & Kraus
3219 McKinney Avenue
Suite 3000
Dallas, TX 75204

Paul D. Krause
Wilson, Elser, Moskowitz, Edelman & Dicker
1341 G Street, N.W.
Suite 500
Washington, DC 20005

Ronn B. Kreps
Fulbright & Jaworski
225 6th Street, South
Suite 4850
Minneapolis, MN 55402

Joseph Jacob Lowenthal, Jr.
Jones, Walker, Waechter, et al.
201 St. Charles Avenue
50th Floor
New Orleans, LA 70170-5100

Alex H. MacDonald
Robinson & Cole
One Boston Place
Boston, MA 02108

David P. Matthews
Abraham, Watkins, Nichols, et al.
800 Commerce Street
Houston, TX 77002-1776

Stephen B. Murray
Murray Law Firm
909 Poydras Street
Suite 2550
New Orleans, LA 70112

Eugene R. Naylor
Wise, Carter, Child & Caraway
P.O. Box 651
Jackson, MS 39205-0651

Lance Eugene Palmer
Levinson, Friedman, Vhugen, Duggan, et al.
720 3rd Avenue
Suite 1800
Seattle, WA 98101

Alexander C. Papandreou
Clark, Depew & Tracey, Ltd., LLP
440 Louisiana
Suite 1600
Houston, TX 77002

Gale Diane Pearson
Robinson, Calcagnie & Robinson
1012 Grain Exchange Building
400 South Fourth Street
Minneapolis, MN 55415

Ronnie G. Penton
Law Offices of Ronnie G. Penton
209 Hoppen Place
Bogalusa, LA 70427

Maibeth J. Porter
Maynard, Cooper & Gale, P.C.
1901 Sixth Avenue, North
2400 AmSouth/Harbert Plaza
Birmingham, AL 35203-2618

Charles F. Preuss
Drinker Biddle & Reath
225 Bush Street
15th Floor
San Francisco, CA 94104

Stephen J. Randall
Randall & Schumacher, PLLP
1012 Grain Exchange Building
400 South 4th Street
Minneapolis, MN 55415

Edward J. Rice, Jr.
Adams & Reese
4500 One Shell Square
New Orleans, LA 70139

M. David Riggs
Riggs, Abney, Neal, Turpen, Orbison & Lewis
502 West 6th Street
Tulsa, OK 74119

Kim M. Schmid
Bowman & Brooke
150 South Fifth Street
Suite 2600
Minneapolis, MN 55402

Randolph S. Sherman
Kaye Scholer, LLP
425 Park Avenue
12th Floor
New York, NY 10022

John D. Sileo
Allan Berger & Associates, PLC
4173 Canal Street
New Orleans, LA 70119

Charles E. Sorey, II
Ramsey Law Firm, P.C.
21 North Florida Street
Mobile, AL 36607

Joseph Preston Strom, Jr.
Strom Law Firm
1501 Main Street
Suite 700
Columbia, SC 29201

David L. Suggs
Lopez, Hodes, Restaino, Milman, Skikos, et al.
27995 Boulder Circle
Minneapolis, MN 55331

Sarah J. Timberlake
Abowitz Timberlake & Dahnke, PC
105 N. Hudson
10th Floor
P.O. Box 1937
Oklahoma City, OK 73101

Christopher V. Tisi
Ashcraft & Gerel
2000 L Street, NW
Suite 400
Washington, DC 20036

Terry O. Tottenham
Fulbright & Jaworski, LLP
600 Congress Avenue
Suite 2400
Austin, TX 78701

C. Crews Townsend
Miller & Martin
Volunteer Building, Suite 1000
832 Georgia Avenue
Chattanooga, TN 37402

Sean P. Tracey
Clark, Depew & Tracey, Ltd., LLP
440 Louisiana
Suite 1600
Houston, TX 77002

Robert Brittain Virden
Campbell, DeLong, Hagwood & Wade
P.O. Box 1856
Greenville, MS 38702-1856

Leila H. Watson
Cory, Watson, Crowder & DeGaris
2131 Magnolia Avenue
Suite 200
Birmingham, AL 35205

Daniel B. White
Gallivan, White & Boyd, P.A.
P.O. Box 10589
Greenville, SC 29603

Jimmy Brian Wilkins
Watkins & Eager
P. O. Box 650
Jackson, MS 39205-0650

# INVOLVED JUDGES LIST (CTO-23)
# DOCKET NO. 1407
# IN RE PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION

Hon. Lance M. Africk
U.S. District Judge
B-335 Hale Boggs Federal Bldg.
501 Magazine Street
New Orleans, LA 70130

Hon. Nancy F. Atlas
U.S. District Judge
9015 Bob Casey U.S. Courthouse
515 Rusk Avenue
Houston, TX 77002

Hon. William H. Barbour, Jr.
U.S. District Judge
430 James O. Eastland
U.S. Courthouse
245 East Capitol Street
Jackson, MS 39201

Hon. Sharon Lovelace Blackburn
U.S. District Judge
730 Hugo L. Black U.S. Courthouse
1729 5th Avenue North
Birmingham, AL 35203

Hon. David C. Bramlette
U.S. District Judge
216 Federal Building
725 Martin Luther King, Jr. Blvd.
Biloxi, MS 39530

Hon. Deborah K. Chasanow
U.S. District Judge
6500 Cherrywood Lane
Room 465A
Greenbelt, MD 20770

Hon. U. W. Clemon
Chief Judge, U.S. District Court
519 Hugo L. Black U.S. Courthouse
1729 Fifth Avenue North
Birmingham, AL 35203

Hon. H. Dale Cook
Senior U.S. District Judge
241 Federal Building
224 South Boulder Avenue
Tulsa, OK 74103

Hon. Clarence Cooper
U.S. District Judge
1721 Richard B. Russell Fed. Bldg.
& U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303

Hon. Randy Crane
U.S. District Judge
U.S. District Court
1701 W. Business Highway 83
Suite 928
Mcallen, TX 78501

Hon. Glen H. Davidson
Chief Judge, U.S. District Court
P.O. Box 767
Aberdeen, MS 39730-0767

Hon. Sidney A. Fitzwater
U.S. District Judge
15A3A Earle Cabell Federal Bldg.
& U.S. Courthouse
1100 Commerce Street
Dallas, TX 75242-1003

Hon. David Folsom
U.S. District Judge
309 U.S. Courthouse & Post Office
Building
500 N. State Line Avenue
Wake Village, TX 75501

Hon. Donovan W. Frank
U.S. District Judge
738 Warren E. Burger Federal Bldg.
316 North Roberts Street
St. Paul, MN 55101

Hon. Joseph A. Greenaway, Jr.
U.S. District Judge
Martin Luther King, Jr. Federal
Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

Hon. Paul W. Greene
U.S. Magistrate Judge
U.S. Post Office & Courthouse
101 Holmes Avenue, N.E.
Huntsville, AL 35801

Hon. Thad Heartfield
U.S. District Judge
P.O. Box 949
Beaumont, TX 77004-0949

Hon. Inge P. Johnson
U.S. District Judge
361 Hugo L. Black U.S. Courthouse
1729 5th Avenue North
Birmingham, AL 35203

Hon. Samuel B. Kent
U.S. District Judge
613 U.S. Courthouse
601 25th Street
Galveston, TX 77550-1738

Hon. Richard H. Kyle
U.S. District Judge
760 Warren E. Burger
Federal Building
316 N. Robert Street
St. Paul, MN 55101

Hon. Hugh Lawson
U.S. District Judge
P.O. Box 838
Macon, GA 31202

Hon. Mary Ann Vial Lemmon
U.S. District Judge
C-406 U.S. Courthouse
500 Camp Street
New Orleans, LA 70130

Hon. Philip R. Martinez
U.S. District Judge
U.S. Courthouse
511 East San Antonio Avenue
El Paso, TX 79901

Hon. Colleen McMahon
U.S. District Judge
U.S. Courthouse
300 Quarropas Street
White Plains, NY 10601

Hon. Ann D. Montgomery
U.S. District Judge
13W U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Hon. W. Allen Pepper, Jr.
U.S. District Judge
United States District Court
Post Office Box 370
Greenville, MS 38702-0370

Hon. Matthew J. Perry, Jr.
Senior U.S. District Judge
Strom Thurmond
Federal Courthouse
1845 Assembly Street
Columbia, SC 29201-2431

Hon. John D. Rainey
U.S. District Judge
406 Martin Luther King U.S. Post
Office & Courthouse
312 Main Street
Victoria, TX 77902

Hon. James M. Rosenbaum
Chief Judge, U.S. District Court
15E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Hon. Frederic N. Smalkin
Chief Judge, U.S. District Court
310 Edward A.Garmatz Federal
Building & U.S. Courthouse
101 West Lombard Street
Baltimore, MD 21201

Hon. C. Lynwood Smith, Jr.
U.S. District Judge
207 U.S. Post Office & Courthouse
101 Holmes Avenue, N.E.
Huntsville, AL 35801

Hon. John R. Tunheim
U.S. District Judge
13E U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Hon. Jay C. Waldman
U.S. District Judge
9613 James A. Byrne
U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1763

Hon. Donald E. Walter
Senior U.S. District Judge
4200 U.S. Courthouse
300 Fannin Street
Shreveport, LA 71101-3050

Hon. Ewing Werlein, Jr.
U.S. District Judge
9136 Bob Casey U.S. Courthouse
515 Rusk Avenue
Houston, TX 77002

Hon. Henry T. Wingate
U.S. District Judge
109 James O. Eastland
U.S. Courthouse
245 East Capitol Street
Jackson, MS 39201

Hon. Rya W. Zobel
U.S. District Judge
6110 U.S. Courthouse
One Courthouse Way
Boston, MA 02210

# INVOLVED CLERKS LIST (CTO-23)
# DOCKET NO. 1407
# IN RE PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION

~~Arlen B. Coyle, Clerk~~
~~U.S. District Court~~
~~P.O. Box 190~~
~~Greenville, MS 38702-0190~~

Arlen B. Coyle, Clerk
369 Federal Building
& U.S. Courthouse
911 Jackson Avenue East
Oxford, MS 38655-3622

David J. Maland, Clerk
Jack Brooks Federal Bldg.
& U.S. Courthouse
300 Willow Street, Suite 104
Beaumont, TX 77701

David J. Maland, Clerk
P.O. Box 1499
Marshall, TX 75672-1499

Felicia C. Cannon, Clerk
Edward A. Garmatz Federal
Building & U.S. Courthouse
101 W. Lombard Street
Baltimore, MD 21201-2690

Felicia C. Cannon, Clerk
U.S. Courthouse, 2nd Floor
6500 Cherrywood Lane
Greenbelt, MD 20770

Gregory J. Leonard, Clerk
P.O. Box 128
Macon, GA 31202-0128

J. Michael McMahon
Acting Clerk, Daniel Patrick
Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007-1312

J.T. Noblin, Clerk
316 James O. Eastland
U.S. Courthouse
245 East Capitol Street
Jackson, MS 39201

Karen S. Mitchell, Clerk
14A20 Earle Cabell
Federal Bldg. & U.S. Courthouse
1100 Commerce Street
Dallas, TX 75242-1003

Larry W. Propes, Clerk
Strom Thurmond Federal Courthouse
1845 Assembly Street
Columbia, SC 29201-2431

Loretta G. Whyte, Clerk
C-151 U.S. Courthouse
500 Camp Street
New Orleans, LA 70130-3367

Luther D. Thomas, Clerk
2211 Richard B. Russell
Fed. Bldg. & U.S. Courthouse
75 Spring Street, S.W.
Atlanta, GA 30303-3361

Michael E. Kunz, Clerk
2609 James A. Byrne
U.S. Courthouse
601 Market Street
Philadelphia, PA 19106-1796

Michael N. Milby, Clerk
P.O. Box 2300
Galveston, TX 77553-2300

Michael N. Milby, Clerk
United States District Court
P.O. Box 61010
Houston, TX 77208-1010

Michael N. Milby, Clerk
P.O. Box 5059
McAllen, TX 78502-5059

Perry D. Mathis, Clerk
140 Hugo L. Black U.S. Courthouse
1729 5th Avenue North
Birmingham, AL 35203

Perry D. Mathis, Clerk
U.S. Post Office & Courthouse
101 Holmes Avenue, N.E.
Huntsville, AL 35801

Philip B. Lombardi, Clerk
411 Page Belcher Federal Bldg.
& U.S. Courthouse
333 W. 4th Street
Tulsa, OK 74103-3819

Richard Sletten, Clerk
202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415

Robert H. Shemwell, Clerk
1167 U.S. Courthouse
300 Fannin Street
Shreveport, LA 71101-3083

Tony Anastas, Clerk
2300 John Joseph Moakley
U.S. Courthouse
One Courthouse Way
Boston, MA 02210-3002

William G. Putnicki, Clerk
350 U.S. Courthouse
511 East San Antonio Street
El Paso, TX 79901-2401

William T. Walsh, Clerk
Martin Luther King, Jr.
Fed. Bldg. & U.S. Courthouse
50 Walnut Street, 4th Floor
Newark, NJ 07102

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ALICIA QUEZADA,

Plaintiff,

v.

MCKESSON CORPORATION,

Defendant.

Case No. 01-2431 DWF/AJB

NOTICE OF CANCELLATION

---

The Court having been advised that this case is being referred to the multidistrict litigation panel for consideration, you are hereby given notice that the pretrial conference scheduled to be held on November 7, 2002, at 9:45 a.m., in Room 638 of the U.S. Federal Courts Building, 316 North Robert Street, St. Paul, MN, 55101, before the undersigned Magistrate Judge has been canceled.

The parties shall advise the Court as to the status of the above matter if additional pretrial management should be needed.

Dated: 10/8/02

Arthur J. Boylan
U. S. Magistrate Judge

5

Filed OCT 08 2002
Francis E. Dosal, Clerk
Judgment Entered ______
Deputy Clerk's Initials ______

**Mike_Chutich@mnd.uscourts.gov**

10/08/2002 03:25 PM

To: Mike_Chutich@mnd.uscourts.gov, Deborah_Bell@mnd.uscourts.gov, Elizabeth_Knoblauch@mnd.uscourts.gov, Cyndee_Francis@mnd.uscourts.gov, Jon_Mayer@mnd.uscourts.gov

cc:

Subject: E-Notes fax send info for 0:01cv2431

Case 0:01cv2431 sent to be faxed 10/08/02 at 15:25:35.05 by Mike Chutich

| | | | |
|---|---|---|---|
| Schmid, Kim M | Bowman & Brooke | 150 S 5th St | 6126723200 |
| Pearson, Gale D | Pro Se | 400 4th St S St | 6123422399 |
| Rajkumar, Rosha | Bowman & Brooke | 150 S 5th St | Mail ______ Mailed |

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ALICIA QUEZADA,

Plaintiff,

v.

MCKESSON CORPORATION,

Defendant.

Civil No. 01-2431 DWF/AJB

**NOTICE OF**
**PRETRIAL CONFERENCE**

TO: Plaintiff above named and to Gale D. Pearson, Esq., 400 Fourth Avenue South, Suite 1012, Minneapolis, MN 55415, attorneys for Plaintiff;

Defendant above named and to Kim M. Schmid, Esq., Roshan N. Rajkumar, Esq., Bowman & Brooke, Suite 2600, 150 South Fifth Street, Minneapolis, MN 55402, attorneys for Defendant.

If counsel for all parties are not listed above, it is the responsibility of Plaintiff's counsel to (1) immediately notify those parties and counsel of this conference, and (2) inform those parties and counsel of the requirements set forth in this notice.

I. DATE, TIME, PLACE AND PARTICIPANTS

Pursuant to Rule 16 of the Federal Rules of Civil Procedure and Local Rule 16 of the Rules of this District, a pretrial conference of trial counsel in the above matter will be held in Chambers at 638 U.S. Courthouse, 316 North Robert Street, St. Paul, Minnesota, on November 7, 2002 at 9:45 a.m., before Magistrate Judge Arthur J. Boylan to consider the matters set forth in Rule 16(c), the Rule 26(f) disclosures, and related matters. If all counsel wish to hold the pretrial conference by telephone, please make that

(4)

Filed SEP 23 2002
Richard Sletten, Clerk
Judgment Entered ______
Deputy Clerk's Initials ______

request by calling Calendar Clerk Kathy Thobe, (651) 848-1210, after filing the Rule 26(f) report.

II. MEETING, REPORTS AND DISCLOSURES REQUIRED

A. Pursuant to Federal Rule of Civil Procedure 26(f), trial counsel for each party shall meet in person on or before October 21, 2002 to discuss settlement, and to prepare the report required by Rule 26(f) and Local Rule 16.2.

B. If the case does not settle, no later than October 24, 2002, counsel shall jointly prepare and file with the Clerk of Court a complete written report of the Rule 26(f) meeting. A copy of the report shall also be delivered to chambers of this Court, Room 638, 316 North Robert Street, St. Paul, Minnesota, on or before October 24, 2002. The report shall include:

1. Date and Place of the meeting and identification of the parties and their attorneys

   a. The date and place at which the meeting was held;

   b. Name, address and occupation or business of each party, together with the name, address and telephone number of the attorneys who represented each party at the meeting; and

   c. Name of insurance carriers that may be liable for the defense or payment of any damage award.

2. Description of the case

   a. A concise statement of the jurisdictional basis of the case, giving statutory citation and a brief narrative description;

   b. A brief narrative of the facts giving rise to the lawsuit, including a description of legal claims and defenses; and

   c. A summary itemization of the dollar amount of each element of the alleged damages.

3. Pleadings

   a. A statement of whether the Complaint and all responsive pleadings have been filed, and whether any party proposes to amend its pleadings;

b. The date by which all motions that seek to amend the pleadings or add parties will be filed; and

c. Whether a jury trial is available under the law, and whether a jury trial has been timely demanded.

4. Discovery Plan (If parties are unable to agree on a discovery plan, the report shall separately set forth each party's proposed plan.)

a. Date by which the initial Rule 26(a)(1) disclosures of witnesses, documents, itemized damage computations and insurance will be completed (if not already completed);

b. Whether the parties wish to engage in any method of alternative dispute resolution following Rule 26(a)(1) disclosures but before formal discovery is commenced;

c. Whether discovery should be conducted in phases, or limited to or focused upon, particular issues;

d. The date by which each party shall disclose the identity of expert witnesses and their reports under Rule 26(a)(2)(A) and (B);

e. The number of interrogatories each party shall be permitted to serve;

f. The number of depositions (excluding depositions of expert witnesses) each party shall be permitted to take; and

g. The number of expert depositions each party shall be permitted to take.

5. Close of Discovery and Non-Dispositive Motions

The date by which all discovery shall be completed and all non-dispositive motions shall be filed and served.

6. Dispositive Motions and Trial

a. Date by which all dispositive motions shall be served, filed and heard by the Court;

b. Date by which case will be ready for trial;

c. The number of expert witnesses each party expects to call at trial; and

d. Estimated trial time (including jury selection and instructions, if applicable).

C. Unless otherwise agreed by counsel, the initial disclosures under Rule

26(a)(1) shall also be exchanged no later than October 24, 2002.

D. **Each party shall also submit a Letter/Memorandum concerning settlement, which shall remain confidential between the Court and that party. The confidential letter shall be delivered to Magistrate Judge Boylan's chambers at least three days prior to the pretrial conference.**

III. EXERCISE OF JURISDICTION BY U.S. MAGISTRATE JUDGE PURSUANT TO TITLE 28, UNITED STATES CODE, SECTION 636(c)

If the parties consent to have this matter tried before the Magistrate Judge, all counsel are requested to sign the enclosed form by November 7, 2002. Send the form directly to:

Lowell Lindquist
Calendar Clerk to Judge Donovan W. Frank
Suite 738
316 North Robert Street
St. Paul, MN 55101

Dated: 9/23/02

ARTHUR J. BOYLAN
United States Magistrate Judge

# UNITED STATES DISTRICT COURT

District of

NOTICE, CONSENT, AND ORDER OF REFERENCE — EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

Plaintiff
V.

Case Number:

Defendant

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. §636(c), and Fed.R.Civ.P. 73, you are notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, including the trial, order the entry of a final judgment, and conduct all post-judgment proceedings.

| Party Represented | Signatures | Date |
|---|---|---|
| | | |
| | | |
| | | |
| | | |

## ORDER OF REFERENCE

IT IS ORDERED that this case be referred to ____________________ United States Magistrate Judge, to conduct all proceedings and order the entry of judgment in accordance with 28 U.S.C. §636(c) and Fed.R.Civ.P. 73.

Date

United States District Judge

NOTE: RETURN THIS FORM TO THE CLERK OF THE COURT ONLY IF ALL PARTIES HAVE CONSENTED ON THIS FORM TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

**Mike_Chutich@mnd.uscourts.gov**

09/24/2002 12:07 PM

To: Mike_Chutich@mnd.uscourts.gov, Deborah_Bell@mnd.uscourts.gov, Elizabeth_Knoblauch@mnd.uscourts.gov, Cyndee_Francis@mnd.uscourts.gov, Jon_Mayer@mnd.uscourts.gov
cc:
Subject: E-Notes fax send info for 0:01cv2431

Case 0:01cv2431 sent to be faxed 09/24/02 at 12:07:31.04 by Mike Chutich

| | | | |
|---|---|---|---|
| Schmid, Kim M | Bowman & Brooke | 150 S 5th St | 6126723200 |
| Pearson, Gale D | Pro Se | 400 4th St S St | 6123422399 |
| Rajkumar, Rosha | Bowman & Brooke | 150 S 5th St | Mail — MAILED |

ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| ALICIA QUEZADA,<br><br>Plaintiff,<br><br>v.<br><br>McKESSON CORPORATION<br>a Delaware corporation,<br><br>Defendant. | Court File No. 01-CV-2431 DWF/AJB<br><br>**McKESSON CORPORATION'S ANSWER** |

Defendant McKesson Corporation ("McKesson"), for its Answer to the Complaint herein:

1. Denies each and every allegation in the Complaint unless admitted or otherwise answered herein.

2. Alleges it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint.

3. Denies that it is a California corporation, and to the extent it calls for a legal conclusion as to jurisdiction, no response is required. It admits that its principal place of business is California; that it conducts business in Minnesota; and, it has a registered agent in Minnesota, and denies the remaining allegations in paragraph 2 of the Complaint.

4. As to those allegations set forth in paragraph 3 of the Complaint, admits that it is has engaged in the sale and distribution of Valu-Tapp, and denies the remaining allegations in paragraph 3 of the Complaint.

5. Alleges it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Complaint.



(3)

FILED 2-7-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

6. Alleges it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Complaint.

7. To the extent the allegations set forth in paragraph 6 of the Complaint call for a legal conclusion, no response is required, and that, to the extent a response is required, alleges it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Complaint.

8. Alleges it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Complaint.

**FIRST CAUSE OF ACTION**

**(Negligence)**

9. As to those allegations set forth in paragraph 8 of the Complaint, realleges its answers to those paragraphs of the Complaint realleged.

10. To the extent the allegations set forth in paragraph 9 of the Complaint call for a legal conclusion, no response is required, and that, to the extent a response is required, alleges it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Complaint.

11. Denies the allegations set forth in paragraph 10 of the Complaint.

12. Denies the allegations set forth in paragraph 11 of the Complaint.

13. To the extent the allegations set forth in paragraph 12 of the Complaint call for a legal conclusion, no response is required, and that, to the extent a response is required, alleges it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Complaint.

**SECOND CAUSE OF ACTION**

**(Strict Liability)**

14. As to those allegations set forth in paragraph 13 of the Complaint, realleges its answers to those paragraphs of the Complaint realleged.

15. Admits that it has marketed and sold Valu-Tapp, and denies the remaining allegations set forth in paragraph 14 of the Complaint.

16. Denies the allegations set forth in paragraph 15.

17. To the extent the allegations set forth in paragraph 16 of the Complaint call for a legal conclusion, no response is required, and that, to the extent a response is required, denies the allegations set forth in paragraph 16 of the Complaint.

**THIRD CAUSE OF ACTION**

**(Breach of Implied Warranty of Merchantability)**

18. As to those allegations set forth in paragraph 17 of the Complaint, realleges its answers to those paragraphs of the Complaint realleged.

19. Denies the allegations set forth in paragraph 18 of the Complaint.

20. Denies the allegations set forth in paragraph 19 of the Complaint.

**FOURTH CAUSE OF ACTION**

**(Breach of Express Warranty)**

21. As to those allegations set forth in paragraph 20 of the Complaint, realleges its answers to those paragraphs of the Complaint realleged.

22. To the extent the allegations set forth in paragraph 21 of the Complaint call for a legal conclusion, no response is required, and that, to the extent a response is

required, alleges it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

23. To the extent the allegations set forth in paragraph 22 of the Complaint call for a legal conclusion, no response is required; and that, to the extent a response is required, denies the allegations set forth in paragraph 22 of the Complaint.

## FIFTH CAUSE OF ACTION

### (Strict Liability Misrepresentation)

24. As to those allegations set forth in paragraph 23 of the Complaint, realleges its answers to those paragraphs of the Complaint realleged.

25. Admits that it sells Valu-Tapp, but denies the remaining allegations set forth in paragraph 24 of the Complaint.

26. To the extent the allegations set forth in paragraph 25 of the Complaint call for a legal conclusion, no response is required, and that, to the extent a response is required, denies the allegations set forth in paragraph 25 of the Complaint.

27. Alleges it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

28. To the extent the allegations set forth in paragraph 27 of the Complaint call for a legal conclusion, no response is required, and that, to the extent a response is required, denies the allegations set forth in paragraph 27 of the Complaint.

## SIXTH CAUSE OF ACTION

### (Negligent Misrepresentation)

29. As to those allegations set forth in paragraph 28 of the Complaint, realleges its answers to those paragraphs of the Complaint realleged.

required, alleges it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 of the Complaint.

23. To the extent the allegations set forth in paragraph 22 of the Complaint call for a legal conclusion, no response is required; and that, to the extent a response is required, denies the allegations set forth in paragraph 22 of the Complaint.

## FIFTH CAUSE OF ACTION

### (Strict Liability Misrepresentation)

24. As to those allegations set forth in paragraph 23 of the Complaint, realleges its answers to those paragraphs of the Complaint realleged.

25. Admits that it sells Valu-Tapp, but denies the remaining allegations set forth in paragraph 24 of the Complaint.

26. To the extent the allegations set forth in paragraph 25 of the Complaint call for a legal conclusion, no response is required, and that, to the extent a response is required, denies the allegations set forth in paragraph 25 of the Complaint.

27. Alleges it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 26 of the Complaint.

28. To the extent the allegations set forth in paragraph 27 of the Complaint call for a legal conclusion, no response is required, and that, to the extent a response is required, denies the allegations set forth in paragraph 27 of the Complaint.

## SIXTH CAUSE OF ACTION

### (Negligent Misrepresentation)

29. As to those allegations set forth in paragraph 28 of the Complaint, realleges its answers to those paragraphs of the Complaint realleged.

30. Denies the allegations set forth in paragraph 29 of the Complaint.

31. To the extent the allegations set forth in paragraph 30 of the Complaint call for a legal conclusion, no response is required, and that, to the extent a response is required, denies the allegations set forth in paragraph 30 of the Complaint.

32. To the extent the allegations set forth in paragraph 31 of the Complaint call for a legal conclusion, no response is required, and that, to the extent a response is required, alleges it is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 31 of the Complaint.

33. To the extent the allegations set forth in paragraph 32 of the Complaint call for a legal conclusion, no response is required, and that to the extent a response is required, denies the allegations set forth in paragraph 32 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

34. Alleges that the Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

35. Alleges that plaintiff's claims are barred, in whole or in part, by laches, equitable estoppel, waiver, statute of limitations and/or acquiescence.

### Third Affirmative Defense

36. Alleges that plaintiff's damages or losses, if any, were caused or contributed to by the negligence or fault of other persons, firms, corporations, or entities over whom McKesson has and had no control or right of control and for whom it is not responsible.

**Fourth Affirmative Defense**

37. Alleges that plaintiff's damages, if any, were caused or contributed to by her own negligence or fault, or assumption of the risk.

**Fifth Affirmative Defense**

38. Alleges that Plaintiff's claims and/or causes of action are barred, in whole or in part, by the doctrine of preemption.

**Sixth Affirmative Defense**

39. Alleges that this Court lacks personal jurisdiction over McKesson.

**Seventh Affirmative Defense**

40. Alleges that this Court lacks subject matter jurisdiction over plaintiff's action against McKesson.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant McKesson Corporation prays for judgment:

A. Dismissing plaintiff's Complaint with prejudice and on the merits;

B. Adjudging and decreeing that this is an exceptional case pursuant to 35 U.S.C. § 285, entitling McKesson Corporation to recover its costs and attorneys fees incurred in defending this action; and

C. Awarding McKesson Corporation such other and further relief as the Court deems just and proper.

McKesson Corporation HEREBY DEMANDS A TRIAL BY JURY.

Dated: February 6, 2002.

Kim S. Schmid (#195613)
Roshan N. Rajkumar (#0305212)
**BOWMAN AND BROOKE LLP**
150 South Fifth Street
Suite 1300
Minneapolis, MN 55402-1498
Telephone: (612) 339-8682
Fax: (612) 672-3200

**ATTORNEYS FOR McKESSON CORPORATION**

## CERTIFICATE OF SERVICE

I certify, in accordance with Fed. R. Civ. P. 5, that a copy of this document was served on ***February 6, 2002*** by fax and U.S. Mail, first-class postage prepaid, on plaintiff's counsel Gale D. Pearson, Esq., ROBINSON, CALCAGNIE, AND ROBINSON, 1012 Grain Exchange Building, 400 South Fourth Street, Minneapolis, Minnesota 55415, fax no. 612-342-2399.

Roshan N. Rajkumar

**STATE OF MINNESOTA**

**COUNTY OF HENNEPIN**

**AFFIDAVIT OF SERVICE**

**METRO LEGAL SERVICES, INC.** 01-2431 DWF/AJB

Andy Smebakken, being duly sworn, on oath says: that on the 4th day of January, 2002, at 9:15 a.m. (s)he served the attached Civil Cover Sheet, Summons, Complaint and Demand for Jury Trial upon McKesson Corporation therein named, personally at Corporate Services Company, 4100 Multifoods Tower, Minneapolis, County of Hennepin, State of Minnesota, by handing to and leaving with Stephanie Unterberger, Agent for Legal Process, an agent expressly authorized to receive service for Corporate Services Company, the registered agent for said McKesson Corporation, a true and correct copy thereof.

Subscribed and sworn to before me
January 8, 2002.

Rose M. Jackson
Notary Public

ROSE M. JACKSON
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2005

Charge $27.00

Re: Quezada

FILED 1-15-02
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

(2)

RECEIVED
01 DEC 28 PM 3:50
CLERK, U.S. DIST. COURT
MINNEAPOLIS, MN

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA, FOURTH DIVISION**

| | | |
|---|---|---|
| ***ALICIA QUEZADA,*** | ) | |
| | ) | |
| ***Plaintiff,*** | ) | |
| | ) | |
| | ) | **COMPLAINT** |
| ***vs.*** | ) | **DEMAND FOR JURY TRIAL** |
| | ) | 01-2431 DWF/AJB |
| | ) | |
| | ) | Case No. |
| ***McKESSON CORPORATION,*** | ) | File No. |
| | ) | MDL Docket No. 1203 |
| ***Defendant.*** | ) | |

Plaintiff Alicia Quezada, by and through her attorneys, Robinson, Calcagnie & Robinson and Lopez, Hodes, Restaino, Milman, Skikos & Polos, for her causes of action against Defendant McKesson Corporation alleges the following:

PRELIMINARY ALLEGATIONS

1. At all material times, Plaintiff Alicia Quezada was a citizen of the State of Utah.

2. At all material times, Defendant McKesson Corporation (hereinafter referred to as "Defendant") was a California corporation, with its principal place of business in California. Defendant conducts business in Minnesota and maintains an agent for service of process in Minnesota, and therefore jurisdiction over Defendant in Minnesota is appropriate under Minnesota law.

3. At all material times, Defendant was engaged in the manufacture, sale and distribution of the over-the-counter pharmaceutical Valu-Tapp.

4. Plaintiff Alicia Quezada purchased Valu-Tapp from the Primary Children's Hospital Pharmacy in Salt Lake City, Utah, on November 29, 1999. She first and last used Valu-Tapp on



(1)

12-20-01
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

November 29, 1999, at approximately 7:30 p.m. The Plaintiff then experienced severe pain in her head. She went to the Emergency Room at Primary Children's Hospital and was shortly thereafter transferred to University of Utah Hospital in Salt Lake City, Utah. A CT scan was obtained which revealed an intraparenchymal hemorrhage. A brain MRI confirmed hemorrhage. Mrs. Quezada remained hospitalized for several days and out of work for approximately two months.

5. After her discharge from the hospital, Mrs. Quezada was unable to perform her daily activities and could not return to work for some time. Plaintiff continues to experience the residual effects of her hemorrhage. Her energy level remains low and her cognitive problems continue. She has right-sided loss of sensation.

DAMAGES

6. As a direct and proximate result of the acts and omissions of Defendant, Plaintiff Alicia Quezada has sustained permanent injuries. These injuries have caused Plaintiff, and will continue in the future to cause Plaintiff: pain and suffering, emotional distress, and have substantially reduced the Plaintiff's ability to enjoy life; to expend substantial sums of money for medical, hospital, and related care, and will be required to do so in the future; and to miss work and in the future to miss work so as to have reduced Plaintiff's past and future income and her future ability to earn, all to the Plaintiff's damage in a sum in excess of Seventy-Five Thousand Dollars ($75,000.00).

JURISDICTION

7. This Court has jurisdiction pursuant to 28 U.S.C. §1332 because the amount in controversy exceeds $75,000.00, and because there is complete diversity of citizenship between the Plaintiff and the Defendant.

FIRST CAUSE OF ACTION

(Negligence)

8. Plaintiff incorporates by reference paragraphs 1 through 7, inclusive, of this Complaint as though fully set forth herein.

9. At all material times, Defendant had a duty to exercise reasonable care in all aspects of the testing, labeling, marketing, sale and provision of adequate warnings regarding the use of Valu-Tapp, to ensure the safety of the product and to ensure that the consuming public, including Plaintiff and her physicians, obtained accurate information and instructions for the safe use of Valu-Tapp.

10. At all material times, Defendant knew, or in the exercise of reasonable care should have known, that Valu-Tapp could cause injury to patients, such as the Plaintiff, if it was not properly tested, labeled, distributed, marketed, sold and warned about.

11. Each of the following acts and omissions herein alleged were negligently performed or omitted by Defendant, resulting in a breach of the duties set forth above. These acts and omissions include but are not restricted to negligent research of Valu-Tapp, negligent testing of Valu-Tapp, negligent failure to give adequate instructions for the safe use of Valu-Tapp, and negligent failure to give adequate warnings to the Plaintiff, her physicians, and the public in general of the potentially dangerous, defective, and unsafe propensities of Valu-Tapp and of the risks associated with its use.

12. As a direct and proximate result of the negligence of Defendant, Plaintiff sustained the damages and injuries set forth above.

SECOND CAUSE OF ACTION

(Strict Liability)

13. Plaintiff incorporates by reference paragraphs 1 through 12, inclusive, of this Complaint as though fully set forth herein.

14. At all material times, Defendant manufactured, marketed and sold Valu-Tapp used by the Plaintiff in the way it was intended to be used and in a manner which was reasonably foreseeable by Defendant.

15. Valu-Tapp was, at the time it left Defendant, a defective product, unreasonably dangerous for use, resulting in injury to the Plaintiff as herein alleged.

16. The defective and unreasonably dangerous condition of Valu-Tapp was the proximate cause of the injuries sustained by the Plaintiff resulting in the damages and injuries set forth above. Therefore, the Plaintiff relies upon the doctrine of strict liability against Defendant.

THIRD CAUSE OF ACTION

(Breach of Implied Warranty of Merchantability)

17. Plaintiff incorporates by reference paragraphs 1 through 16, inclusive, of this Complaint as though fully set forth herein.

18. Defendant impliedly warranted to prospective purchasers and users, including the Plaintiff, that Valu-Tapp was safe, merchantable and fit for the ordinary purposes for which such goods are used.

19. Defendant's breach of said implied warranties has directly resulted in the Plaintiff's damages and injuries set forth above.

FOURTH CAUSE OF ACTION

(Breach of Express Warranty)

20. Plaintiff incorporates by reference paragraphs 1 through 19, inclusive, of this Complaint as though fully set forth herein.

21. Defendant expressly warranted to prospective purchasers and users, including the Plaintiff, that Valu-Tapp was safe for use.

22. Defendant's breach of said express warranty has directly resulted in the Plaintiff's damages and injuries set forth above.

FIFTH CAUSE OF ACTION

(Strict Liability Misrepresentation)

23. Plaintiff incorporates by reference paragraphs 1 through 22, inclusive, of this Complaint as though fully set forth herein.

24. At all material times, Defendant was engaged in the business of selling over-the-counter pharmaceutical products, including Valu-Tapp.

25. Defendant made misrepresentations of material fact in standardized package inserts and advertising and promotional materials, concerning the safety and use of Valu-Tapp to the public, which included the Plaintiff and her physicians.

26. In reasonable reliance upon Defendant's misrepresentations, Plaintiff was induced to, and did, use Valu-Tapp.

27. As a direct and proximate result of Defendant's misrepresentations, Plaintiff sustained the damages and injuries set forth above.

SIXTH CAUSE OF ACTION

(Negligent Misrepresentation)

28. Plaintiff incorporates by reference paragraphs 1 through 27, inclusive, of this Complaint as though fully set forth herein.

29. Defendant falsely represented to Plaintiff and her physicians that Valu-Tapp was safe when used as instructed. These representations, that Valu-Tapp was safe for its intended use when used as instructed and as labeled were false, as Valu-Tapp was, in fact, dangerous to the health of Plaintiff when used as intended.

30. Defendant failed to exercise reasonable care in ascertaining the accuracy of the information regarding the safe use of Valu-Tapp, and otherwise failed to exercise reasonable care in communicating the information to Plaintiff and her physicians.

31. In reasonable reliance upon Defendant's misrepresentations, Plaintiff was induced to, and did, use Valu-Tapp.

32. As a direct and proximate result of Defendant's misrepresentations, Plaintiff sustained the damages and injuries set forth above.

WHEREFORE, Plaintiff Alicia Quezada demands judgment against Defendant McKesson Corporation as follows:

1. Awarding Plaintiff compensatory damages against Defendant of an amount in excess of Seventy-Five Thousand Dollars ($75,000.00);
2. Awarding Plaintiff pre-judgment and post-judgment interest on the respective awards;

3. Awarding Plaintiff her costs, disbursements, attorneys' fees and such other and further relief as the Court may deem just and equitable.

A TRIAL BY JURY IS HEREBY DEMANDED.

DATED: December 28, 2001.

ROBINSON, CALCAGNIE & ROBINSON

By Gale D. Pearson

Gale D. Pearson, Bar No. 244673
1012 Grain Exchange Building
400 South Fourth Street
Minneapolis, MN 55415
(612) 332-0351, Fax 342-2399

ROBINSON, CALCAGNIE & ROBINSON
Carlos A. Prietto, III
620 Newport Center Drive, 7th Floor
Newport Beach, CA 92660
(949) 720-1288, Fax 720-1292

LOPEZ, HODES, RESTAINO, MILMAN,
SKIKOS & POLOS
David Suggs
27995 Boulder Circle
Shorewood, MN 55331
(752) 401-4377

**ACKNOWLEDGMENT**

The allegations in this Complaint are well grounded in fact and are warranted by existing law or a good faith argument for its extension, modification or reversal. Plaintiff brings this Complaint in good faith and not for any improper purposes. Plaintiff acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded to Defendant pursuant to Minn. Stat. §549.21 Subd. 2 and the Rules of Civil Procedure if there is an affirmative finding by the Court to the contrary.

Dated: December 28, 2001

Gale D. Pearson

Gale D. Pearson, No. 244673
Robinson, Calcagnie, and Robinson
1012 Grain Exchange Building
400 South 4th Street
Minneapolis, MN 55415
612-332-0351 (w)
612-342-2399 (F)

# UNITED STATES OF AMERICA
# JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

CHAIRMAN:
Judge Wm. Terrell Hodges
United States District Court
Middle District of Florida

MEMBERS:
Judge John F. Keenan
United States District Court
Southern District of New York

Judge Morey L. Sear
United States District Court
Eastern District of Louisiana

Judge Bruce M. Selya
United States Court of Appeals
First Circuit

Judge Julia Smith Gibbons
United States Court of Appeals
Sixth Circuit

Judge D. Lowell Jensen
United States District Court
Northern District of California

Judge J. Frederick Motz
United States District Court
District of Maryland

DIRECT REPLY TO:

Michael J. Beck
Clerk of the Panel
One Columbus Circle, NE
Thurgood Marshall Federal
Judiciary Building
Room G-255, North Lobby
Washington, D.C. 20002

Telephone: [202] 502-2800
Fax: [202] 502-2888

http://www.jpml.uscourts.gov

RECEIVED
BY U.S. MAIL
2002 DEC 2
CLERK, U.S. DIST. COURT
MINNEAPOLIS, MN

December 19, 2002

Bruce Rifkin, Clerk
215 William Kenzo Nakamura
U.S. Courthouse
1010 Fifth Avenue
Seattle, WA 98104-1130

01-2431 DWF/AJB

Re: MDL-1407 -- In re Phenylpropanolamine (PPA) Products Liability Litigation

(See Attached Schedule CTO-23)

Dear Mr. Rifkin:

I am enclosing one certified copy and additional copies of a conditional transfer order filed by the Panel in the actions listed on the attached schedule on December 3, 2002. The Panel's governing statute, 28 U.S.C. §1407, requires that the transferee clerk "...transmit a certified copy of the Panel's order to transfer to the clerk of the district court from which the action is being transferred." As stipulated in Rule 7.4(a) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435 (2001), transmittal of the order has been stayed 15 days to give any party an opportunity to oppose the transfer if they wish to do so. The 15-day period has now elapsed, no opposition was received, and the order is directed to you for filing.

A list of involved counsel is attached.

Very truly,

Michael J. Beck
Clerk of the Panel

By April Layne
Deputy Clerk

Attachments

cc: Transferee Judge: Judge Barbara Jacobs Rothstein
Transferor Judges: (See Attached List of Judges)
Transferor Clerks: (See Attached List of Clerks)

**Bowman and Brooke** LLP
ATTORNEYS AT LAW
MINNEAPOLIS.PHOENIX.DETROIT.SAN JOSE.LOS ANGELES.RICHMOND

**MINNEAPOLIS**
150 South Fifth Street
Suite 2600
Minneapolis, MN 55402-4244
612/339-8682 (Tel)
612/672-3200 (Fax)

**PHOENIX**
Phoenix Plaza
2929 North Central Ave.
Suite 1700
Phoenix, AZ 85012-2761
602/248-0899 (Tel)
602/248-0947 (Fax)

**DETROIT**
3011 West Grand Blvd.
Suite 1800
Detroit, MI 48202-3099
313/871-3000 (Tel)
313/871-3006 (Fax)

**SAN JOSE**
160 W. Santa Clara Street
Suite 1150
San Jose, CA 95113-1700
408/279-5393 (Tel)
408/279-5845 (Fax)

**LOS ANGELES**
19191 South Vermont Ave.
Suite 1000
Torrance, CA 90502-1002
310/768-3068 (Tel)
310/719-1019 (Fax)

**RICHMOND**
Riverfront Plaza West Tower
901 East Byrd Street
Suite 1500
Richmond, VA 23219-4080
804/649-8200 (Tel)
804/649-1762 (Fax)

**LAS VEGAS**
Of Counsel
Law Offices of
Greg W. Marsh
731 South Seventh Street
Las Vegas, NV 89101-6907
702/387-0052 (Tel)
702/387-0063 (Fax)

**MINNEAPOLIS**
Of Counsel
Kenneth Ross
Attorney At Law
4961 Kingsberry Lane
Minnetonka, MN 55345
952/933-1195 (Tel)
952/933-8474 (Fax)

**Roshan N. Rajkumar**
**Direct Dial: (612) 672-3216**
**RRAJKUMA@BOWMAN-BROOKE.COM**

RECEIVED BY U.S. MAIL
2002 FEB -7 ... CLERK, U.S. DIST. COURT MINNEAPOLIS, MN

February 6, 2002

**VIA U.S. MAIL**

Clerk of Court
United States District Court
U.S. Courthouse, Suite 202
300 South Fourth Street
Minneapolis, MN 55415

Re: Alicia Quezada v. McKesson Corporation
Case No. 01-CV-2431 (DWF/AJB)

Dear Clerk:

Enclosed for filing in the above-entitled matter please find ***McKesson Corporation's Answer***. By copy of this letter with enclosure, the same is being served upon plaintiff's counsel.

Very truly yours,

BOWMAN AND BROOKE LLP

Roshan N. Rajkumar

/mjd
enclosures

cc: Gale D. Pearson, Esq. (w/enc.) (via fax 612/342-2399 and U.S. mail)

GALE D. PEARSON
& Associates, P.A.
1012 Grain Exchange Building
400 South Fourth Street
Minneapolis, MN 55415
Telephone: (612) 332-0351
Facsimile: (612) 342-2399
*attorneys@outtech.com*

RECEIVED BY U.S. MAIL
2002 JAN 15 AM 9:31
CLERK, U.S. DIST. COURT MINNEAPOLIS, MN

*Of Counsel*
*Mr. Stephen J. Randall, Esq.*
*Mr. Matthew J. Schumacher, Esq.*

January 13, 2002

Clerk of United States District Court
United States District Court
300 South Fourth Street
Minneapolis, MN 55415

RE: **Alicia Quezada vs. McKesson Corporation**
**United States District Court File: 01-CV-2431 DWF/AJB**

Dear Sir/Madam:

Enclosed herein for filing in the above matter please find the original Affidavit of Service upon defendant McKesson Corporation.

Thank you for your assistance in this regard.

Very truly yours,

Gale D. Pearson /st.

Gale D. Pearson, Esq.

GDP/st
Enclosure

cc: Carlos A. Prietto, III, Esq.
David Suggs, Esq.

| | |
|---|---|
| Date: 12/28/01 | County Code: 88888 |
| ☒ Cover Sheet | **ASSIGNMENT INFORMATION** |
| ☒ Complaint ☐ Removal ☐ Other<br>☐ Bkcy. Appeal ☐ 2255 ☐ Writ of HC | Assignment list: MASTER |
| FEES: ☐ $150.00 Complaint<br>☐ $30.00 Miscellaneous case<br><br>☐ $5.00 Habeas corpus ☐ Intial Partial<br>☐ In Forma Pauperis Filing Fee<br>☐ Waived of $ ________ | Case Number: 01-2431<br><br>Judge Assigned: DWF Magistrate Judge/AD# AJB |
| Jury Demand ☒ YES<br>Category Code 365 | **Assignment Clerk's Initials:** QS |
| Is this a Companion or related case? If so, enter judge ____________<br>and case numbers: ____________<br>____________ | RECEIPT NUMBER: 254212<br><br>Consent form given ☒ |
| 5th Division ☐ YES 6th Division ☐ YES | UL Number: 254212 |
| Summon issued ☒ YES ☐ NO | |
| Pro Hac Vice forms given ☐ YES | **Intake Clerk's Initials:** C |

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Quezada, Alicia

(b) County of Residence of First Listed Plaintiff ______
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) Attorney's (Firm Name, Address, and Telephone Number)

Robinson, Calcagnie, Robinson
400 S. 4th Street Ste 1012
Minneapolis, MN 55415 1-612-332-0352

**DEFENDANTS**

McKesson Corporation

County of Residence of First Listed ______
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
XX 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

Registered Foreign Corp.

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | XX 4 |
| Citizen of Another State | X 2 | ☐ 2 | Incorporated *and* Principal of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loans (Excl Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury

PERSONAL INJURY
☐ 362 Personal Injury— Med. Malpractice
XX 365 Personal Injury — Product Liability
☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/ Accommodations
☐ 444 Welfare
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence
Habeas Corpus:
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE/PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs.
☐ 660 Occupational Safety/Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt.Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Information Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

XX 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

This is a diversity case filed under 28 USC 1332 with an amount in Controversy over 75,000. Defendant manufactured and sold an over the counter medication to plaintiff that caused injuries when plaintiff ingested the product.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ excess 75,000.00
CHECK YES only if demanded in complaint: JURY DEMAND: XX Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE ______ DOCKET NUMBER ______

DATE SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY