THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, | **MDL: 1407** |
| This document relates to:<br><br>Quezada v. McKesson Corporation<br><br>Case No. 2:02-cv-02599 | **PLAINTIFF'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE REMANDED** |

## I.

## INTRODUCTION

Plaintiff Alicia Quezada submits this response to the Court's Order to Show Cause why this matter should not be remanded to United States Federal District Court for the District of Minnesota. Unlike most of the remand matters that will be heard by this court, the issue in *Quezada* is whether remand should occur before plaintiff has had an opportunity to complete her discovery of the defendant. Defendant McKesson Corporation (hereafter "McKesson") is a distributor, not a manufacturer of a PPA-containing product. McKesson responded to

plaintiff's written discovery but corporate liability depositions have not been taken. Thus, *Quezada* is not yet ripe for remand.

Furthermore, defendant's attorneys have caused delays in discovery by providing misinformation to plaintiff. Changing venues midway through discovery will further obfuscate the issues in this case and undoubtedly cause additional delay. Plaintiff Alicia Quezada respectfully requests that the court consider remand of this case only *after* defendant complies with its discovery obligations in the MDL.

**II.**

**PROCEDURAL STATEMENT**

A recitation of the chronological background of this case is necessary in order to fully appreciate why the issue of remand is improper at this stage of the litigation. *Quezada* was filed on December 28, 2001 and McKesson was served with the Summons and Complaint on January 4, 2002. An Answer was served on February 6, 2002. It took a full twelve months for this case to be transferred to In Re Phenylpropanolamine (PPA) Products Liability Litigation, No. 1407.[1] *Quezada* was docketed in MDL 1407 on January 22, 2003 and plaintiff's Fact Sheet was timely served on April 28, 2003.

Beginning in early June, 2003, plaintiff contacted defense counsel to ascertain whether McKesson had answered the MDL Master Discovery Requests and to request a copy of defendant's responses. Defendant affirmatively stated that McKesson had provided discovery responses in the MDL and promised to provide that information to plaintiff. *(See Exhibit 2, Correspondence of Jane E. Joseph and Roshan Rajkumar relative to McKesson's discovery*

---

[1] Co-counsel Gale D. Pearson repeatedly telephoned and wrote the Clerk of the Judicial Panel on MDL in an effort to transfer the pleadings that were erroneously sent to MDL 1203, to the correct MDL, No. 1407. Attached as Exhibit A are letters dated September 3, 2002 and October 1, 2002 relating to that request.

*responses).* Plaintiff continued to request defendant's MDL discovery responses through the summer of 2003 and defendant continued to promise to produce copies of those documents to plaintiff.

On November 24, 2003, almost two years after *Quezada* was filed and six months after plaintiff first requested McKesson's discovery responses, McKesson advised that it had not *and would not* respond to the Master Discovery Requests since "McKesson is a distributor and not a manufacturer, and as such, is not required to produce documents as part of the MDL. " *(See Exhibit 3, Correspondence of P. O'Neill, Esq., dated November 24, 2003).*

Plaintiff therefore gave McKesson two reasonable choices: either stipulate to remand the case back to Minnesota where discovery of McKesson could proceed outside the MDL or:

> If you will not stipulate to remand, I will serve a modified set of discovery requests that reflects McKesson's status. However, you cannot have it both ways: this case will either be discovered in the MDL or it will be remanded to Minnesota. Given the amount of time that has passed since I began my effort to obtain information from your client, I expect and would respectfully ask for your immediate response.

*(See Exhibit 4, Correspondence of J. Joseph, dated December 17, 2003).*

McKesson responded to plaintiff's December 17th letter by requesting an extension of the case-specific discovery deadline from January 22, 2004 to April 29, 2004. This request was made by letter dated January 6, 2004, sixteen days before the close of case-specific discovery and before defendant had noticed any depositions.[2] When pressed for a response to Joseph's December 17th letter, defendant advised it would not stipulate to remand. (*See Exhibit 5, Correspondence of P. O'Neill, Esq., dated January 9, 2004).*

---

[2] Defendant finally noticed plaintiff's deposition on December 18, 2003 and the deposition of one of plaintiff's treating physicians on January 13, 2004. Both depositions had to be completed before January 22, 2004, the close of case-specific discovery.

**LOPEZ, HODES, RESTAINO, MILMAN & SKIKOS**
**13938A Cedar Rd., Suite 373**
**Cleveland, Ohio 44118**
**(216) 921-9314 Telephone**
**(216) 921-9334 Facsimile**

Plaintiff therefore served on January 21, 2004 interrogatories and document requests that were tailored to McKesson's role as a distributor rather than a manufacturer of a PPA-containing medication. Defendant did not seek relief from having to answer written discovery nor did defendant object to plaintiff's discovery requests based on its status as a "non-manufacturing defendant." Defendant responded to plaintiff's discovery requests on March 1, 2004 and supplemented those responses on May 17, 2004. By letter dated June 15, 2004 plaintiff advised that depositions of McKesson employees would be noticed this summer. Defendant did not express its opposition to plaintiff deposing its corporate employees.

On June 23, 2004, the court issued CMO No. 17C, Remand of Cases, requiring defendants to provide on July 1, 2004 a listing of all cases deemed ripe for remand as of June 1, 2004, using the criteria set forth in that Order. Defendant included *Quezada* on that list. Plaintiff wrote defense counsel requesting the withdrawal of *Quezada* from defendants' list on the grounds that discovery of defendant had not been completed. Defense counsel refused to withdraw *Quezada*. *(See Exhibit 6, Correspondence of J. Joseph and P. O'Neill relating to Quezada remand).* The court issued its Order to Show Cause Why This Matter Should Not Be Remanded on July 16, 2004.

## III.

## ARGUMENT

### A. <u>Fact Discovery of A Defendant Must Be Completed in the MDL Before The Case May Be Remanded</u>

A principle purpose of MDL No. 1407 is to undertake and complete fact discovery of defendants. Section II of CMO No. 17C, Remand Order, sets forth the criteria for remand and assumes completion of discovery of defendants as a predicate for remand:

**LOPEZ, HODES, RESTAINO, MILMAN & SKIKOS**
**13938A Cedar Rd., Suite 373**
**Cleveland, Ohio 44118**
**(216) 921-9314 Telephone**
**(216) 921-9334 Facsimile**

> Generic fact discovery of defendants was required to be completed within specific time periods, as set forth in CMO No. 1, subject to certain extensions of time.
>
> *****
>
> In any case docketed in this MDL, a case will only be considered ripe for remand if the case is in compliance with CMOs Nos. 1, 6, 6A, 10, 13, 13A, 15, and any additional orders entered by this Court.

*See CMO No 17C, Section II at pp. 2-3.*

CMO No. 1 provided timetables for discovering *all* of the various defendants in this litigation. Notably absent from CMO No. 1 is any exclusion for discovery of non-manufacturing defendants.[3] McKesson unilaterally decided, by including *Quezada* on a list of cases that are ripe for remand, that it would only answer written discovery in the MDL. In fact, the MDL is the proper venue for *all* appropriate fact discovery of any MDL defendant, regardless of whether or not that defendant manufactured the PPA product at issue.

Furthermore, defendant has waived its right to object to being discovered in the MDL. Defendant responded to plaintiff's written discovery requests, supplemented its response and engaged in written communications regarding deficiencies in its discovery responses. Defendant must not be permitted to decide for itself which methods of discovery are acceptable and which are not.

## B. Depositions of McKesson Employees Will Lead to the Discovery of Relevant Evidence in this Case

---

[3] Defendant misconstrues the court's Order Denying Plaintiffs' Motion to Compel Reponses to Plaintiffs' Master First Set of Interrogatories and Request for Production of Documents from Walgreen Company and Rite Aid Corporation, dated December 3, 2003. The Court ruled that defendants Walgreen and Rite Aid are not required to answer the Master Discovery Requests because of the defendants' status as non-manufacturers and because of a prior ruling on February 26, 2003 that retailer defendants are not subject to the Master Discovery Requests. The Court did *not* rule that non-manufacturing defendants should not be subject to appropriate discovery in the MDL.

The PPA-containing medication at issue in this case is Valu-Tapp, a product distributed by McKesson. McKesson's name and address are identified on the package of Valu-Tapp purchased by Mrs. Quezada at a hospital pharmacy just a few hours before her stroke. Minnesota courts follow the majority of jurisdictions which hold sellers of defective products liable for injuries caused by their defective products. Marcon v. Kmart Corporation, 573 N.W.2d 728 (Minn. Ct. App. 1998), rev. denied (Minn. 1998).

McKesson also has sole liability for plaintiff's injuries. Soon after transfer of this case to the MDL, plaintiff served one interrogatory on April 9, 2003 seeking names of all companies in the chain of manufacture and distribution of defendant's Valu-Tapp product. On December 18, 2003, defendant finally disclosed that Copley Pharmaceuticals, Inc. was the manufacturer and Perrigo Company was the supplier of Valu-Tapp.[4] Neither of those companies is subject to jurisdiction in Minnesota.

Minn. Stat. § 544.41, the seller's exception statute, permits dismissal of strict liability claims against a seller of a defective product who certifies the correct identity of the manufacturer, but only after a complaint is filed against the manufacturer.[5] The seller may not be dismissed however, if it has played an active role in creating the product defect or had actual knowledge of the defect. In re Shigellosis Litigation v. Sunridge Farms, Inc., 647 N.W.2d 1 (Minn. Ct. App. 2002). Furthermore, a strict liability claim can be reinstated against the seller at any time the injured party cannot maintain an action against the manufacturer because the manufacturer no longer exists, is insolvent, *is not subject to jurisdiction*, or cannot be sued. Minn. Stat. § 544.41, subd. 2 (emphasis added).

---

[4] Up until December 18, 2003, plaintiff had only been advised of the existence of the supplier, Perrigo Company, in the chain of distribution.

[5] Minn. Stat. § 544.41 does not affect claims other than strict liability.

Plaintiff is entitled to fully discover McKesson to determine whether, among other things, McKesson had actual knowledge of the product defect of Valu-Tapp. To date, McKesson has only produced a miniscule number of documents in *Quezada.* However, plaintiff contacted an MDL plaintiff's attorney who obtained documents in a separate case against McKesson and Zee Medical, its corporate subsidiary and a former manufacturer of PPA-containing medications. Some of those documents may be relevant to plaintiff's claims against McKesson.[6]

For example, plaintiff has learned that McKesson established a regulatory affairs task force to address drug regulatory issues, provide information to members of the task force, and hold informational conferences. In addition, PPA was specifically discussed during a McKesson task force meeting in 1999, just before completion of the Hemorrhagic Stroke Project. McKesson employees reviewed product labeling and made recommendations for label revisions. *(See Exhibit 7, Depo. Tr. of Kevin Lloyd at 50:13-53:24).*[7] Plaintiff is entitled to depose McKesson employees to discover the full extent of McKesson's knowledge of defects with its PPA-containing medication. In any event, plaintiff's strict liability claim against McKesson will survive the impact of Minn. Stat. § 544.41 since other companies in the chain of production of Valu-Tapp are not subject to jurisdiction in Minnesota.

## IV.

## CONCLUSION

Through no fault of her own, plaintiff Alicia Quezada has been stymied in her effort to obtain justice in this MDL. Defense counsels' missteps may have been unintentional but the

---

[6] The primary defendant in that case is Zee Medical, not McKesson. Depositions of McKesson employees were not taken in that case.
[7] Kevin Lloyd is an employee of Zee Medical.

**LOPEZ, HODES, RESTAINO, MILMAN & SKIKOS**
**13938A Cedar Rd., Suite 373**
**Cleveland, Ohio 44118**
**(216) 921-9314 Telephone**
**(216) 921-9334 Facsimile**

effect of their conduct has been to cause delay and obstruction. Now defendant seeks to remand this case from the MDL, before plaintiff has had an opportunity to complete her discovery. This matter is not ripe for remand. Plaintiff respectfully requests that the court postpone remand of this case to the transferor court until discovery of McKesson has been completed.

Respectfully submitted this 30th day of July, 2004.

Jane E. Joseph

Jane E. Joseph (MN Atty. No. 167988)
LOPEZ, HODES, RESTAINO,
MILMAN & SKIKO
13938A Cedar Rd., Suite 373
Cleveland, Ohio 44118
(216) 921-9314
(216) 921-9334 (fax)

THE HONORABLE BARBARA J. ROTHSTEIN

THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

IN RE: PHENYLPROPANOLAMINE

(PPA) PRODUCTS LIABILITY LITIGATION MDL NO. 1407

CERTIFICATE OF SERVICE

This document relates to:
Quezada v. McKesson Corporation
Case No. 2:02-cv-02599

I, Audrey Schmida, declare under penalty of perjury under the laws of the State of Ohio that the following is true and correct:

I am a citizen of the United States and a resident of Summit County, Ohio. I am over the age of 18 years and am not a party to the within cause. My business mailing address is that of Lopez, Hodes, Restaino, Milman & Skikos, 13938A Cedar Rd., Suite 373, Cleveland, Ohio 44118.

On July _30_, 2004 I caused true and correct copies of :

PLAINTIFF'S RESPONSE TO COURT'S ORDER TO SHOW CAUSE WHY THIS MATTER SHOULD NOT BE REMANDED

to be served by regular U.S. mail upon the defendant's counsel of record:

Patrick H. O'Neill, Jr.
O'Neill & Murphy, LLP
1050 Degree of Honor Building
325 Cedar Street
St. Paul, Minnesota 55101
**Defendants Counsel**

and served via electronic mail upon the following counsel of record:

Lance Palmer, Esq.
LEVINSON FRIEDMAN, P.S.
720 3rd Avenue, Suite 1800
Pacific Building
Seattle, Washington 98104
**Plaintiffs' Liaison Counsel**

Joseph Hurson, Esq.
LANE, POWELL, SPEARS & LUBERSKY, LLP
1420 5th Avenue, Suite 4100
Seattle, Washington 98101
**Defendants' Liaison Counsel**

Douglas A. Hofmann, Esq.
WILLIAMS, KASTNER & GIBBS PLLC
P. O. Box 21926
Seattle, Washington 98111-3926
**Defendants' Liaison Counsel**

Executed this 30th day of July, 2004 at Cleveland, Ohio.

Audrey O. Schmida

# EXHIBIT 1

GALE D. PEARSON
& Associates, P.A.
1012 Grain Exchange Building
400 South Fourth Street
Minneapolis, MN 55415
Telephone: (612) 332-0351
Facsimile: (612) 342-2399
attorneys@outtech.com

Of Counsel
*Mr. Stephen J. Randall, Esq.*
*Mr. Matthew J. Schumacher, Esq.*

September 3, 2002

Mr. Michael J. Beck
Clerk of the Panel
Judicial Panel on MDL
One Columbus Circle, N.E.
Thurgood Marshall Judicial Building
Room G-255, North Lobby
Washington, D.C. 20002

RE: Alicia Quezada v. McKesson Corporation
Minnesota Court File No: 01-CV-2431; and
IN RE: Phenylpropanolamine (PPA) Products Liability Litigation
MDL: 1407

Dear Mr. Beck:

Enclosed please find a copy of pleadings on the above filed case. Upon investigation, it was discovered that this case was incorrectly transferred from District Court of Minnesota to the MDL "Diet Drugs." The case should have been transferred to MDL 1407, PPA litigation. Please transfer all pleadings in this case from MDL 1203 to MDL 1407. This letter and request is written pursuant to instructions from Ms. Raynell Lee of the MDL Panel Office.

If there are any further questions, please do not hesitate to call.

Very truly yours,

Gale D. Pearson, Esq.

GDP/st
Enclosures

cc: Ms. Jane Joseph

Gale D. Pearson
1012 Grain Exchange Building
Minneapolis, Minnesota 55415
T: (612) 332-0351
F: (612) 342-2399
attorneys@outtech.com

October 1, 2002

Mr. Micheal J. Beck
Clerk of the Panel
Judicial Panel on MDL
One Columbus Circle, N.E.
Thurgood Marshall Judicial Building
Room G-255, North Lobby
Washington, D.C. 20002

RE: Alicia Quezada v. McKesson Corporation
Minn. Ct File No: 01-CV-2431; and
IN RE: Phenylpropanolamine (PPA) Products Liability Litigation
MDL: 1407

Dear Mr. Beck:

Enclosed please find a copy of the following:

1. Pleadings on the above filed case;
2. a copy of a letter previously sent from our office dated September 3, 2002, and;
3. a copy of a label from the box of a Valu-Tapp product, manufactured by defendant McKesson Corp.

On September 3, 2002, I wrote to your office informing you that the above-identified case had incorrectly been transferred to MDL 1203. The case should have been transferred to MDL 1407, and I had asked your office to forward the case to the appropriate MDL. On October 1, 2002, I telephoned your office as a follow-up to my September letter. From telephone discussions with your co-worker Ms. April Layne, I learned it was unclear to you whether the above-identified pleading was an appropriate MDL 1407 (PPA) case. As counsel for the plaintiff, I have included a label from the box of a "Valu-Tapp" product; the same product that I have alleged was ingested by the plaintiff, and caused her to suffer a stroke. As you can see from reading the label, the active ingredients listed in the label of the "Valu-Tapp" product includes the drug Phenylpropanolamine Hydrochloride, abbreviated in MDL 1407 as PPA. It is the allegation of the plaintiff Alicia Quezada, that the product "Valu-Tapp" has caused her

injuries. Because the product Valu-Tapp contains PPA, it is further the position of the plaintiff that defendants wrongdoing alleged in the complaint are substantially related to the drug PPA.

Therefore, this plaintiff respectfully requests the MDL panel to appropriately transfer MN Case File No. 01-CV-2431 to In Re: PPA litigation, MDL 1407. If there are any further questions, please do not hesitate to call.

Very truly yours,

Gale D. Pearson,
Attorney for Plaintiff Alicia Quezada

Cc: Ms. Jane Joseph
Mr. Roshan N. Rajkumar

# EXHIBIT 2

LOPEZ, HODES, RESTAINO, MILMAN & SKIKOS
A LAW CORPORATION

13938A CEDAR RD ♦ #373 ♦ CLEVELAND, OH 44118
TELEPHONE / 330.425.3957 FACSIMILE / 330.425.3958

JANE E JOSEPH
(216) 921-9314
jejoseph@ix.netcom.com
Admitted in Minnesota and Ohio

June 9, 2003

Roshan N. Rajkumar
BOWMAN AND BROOKE LLP
150 South Fifth Street
Suite 1300
Minneapolis, MN 55402-1498

***Re: In Re: Phenylpropanolamine (PPA) Products Liability Litigation***
***MDL No. 1407; Alicia Quezada v. McKesson Corporation***
***Case No. 01-CV-2431 (DWF/AJB)***

Dear Roshan:

This letter will confirm the telephone message I left for you last Friday. It is my understanding that your client has been named in at least three cases in the PPA MDL yet we have been unable to locate your client's responses to the MDL discovery requests. Please advise whether McKesson has served its responses and if McKesson has not yet answered the discovery requests, when you intend to do so.

Thank you for your assistance in this matter.

Sincerely,

Jane E Joseph/aos

Jane E. Joseph

JEJ/aos

Bowman and Brooke LLP
Bowman and Brooke LLP
ATTORNEYS AT LAW
MINNEAPOLIS • PHOENIX • DETROIT • SAN JOSE • LOS ANGELES • RICHMOND

Roshan N. Rajkumar
Direct Dial: (612) 672-3216
E-Mail: rrajkuma@bowman-brooke.com

IINNEAPOLIS
uite 2600
50 South Fifth Street
linneapolis, MN 55402-4244
12/339-8682 (Tel)
12/672-3200 (Fax)

HOENIX
hoenix Plaza
uite 1700
929 North Central Ave.
hoenix, AZ 85012-2761
)2/248-0899 (Tel)
)2/248-0947 (Fax)

ETROIT
uite 600
) West Big Beaver Road
roy, MI 48084-5293
13/871-3000 (Tel)
13/871-3006 (Fax)

AN JOSE
uite 200
'41 Technology Drive
an Jose, CA 95110-1355
)8/279-5393 (Tel)
)8/279-5845 (Fax)

DS ANGELES
uite 1000
3191 South Vermont Ave.
orrance, CA 90502-1002
10/768-3068 (Tel)
10/719-1019 (Fax)

ICHMOND
iverfront Plaza West Tower
uite 1500
)1 East Byrd Street
ichmond, VA 23219-4080
)4/649-8200 (Tel)
)4/649-1762 (Fax)

F COUNSEL

AS VEGAS
aw Offices of
reg W. Marsh
)2/387-0052

INNEAPOLIS
enneth Ross
torney At Law
52/933-1195

'ard & Ward, L.L.C.
2/872-1100

ETROIT
iss McGlynn, P.C.
18/649-6090

ww.bowman-brooke.com

June 13, 2003

**VIA FACSIMILE (216) 921-9334 & U.S. MAIL**

Jane E. Joseph, Esq.
Lopez, Hodes, Restaino
13938A Cedar Road
Suite 373
Cleveland, OH 44118

Re: Alicia Quezada v. McKesson Corporation
Case No.: 01-CV-2431 DWF/AJB

Dear Attorney Joseph:

In response to your inquiry as to McKesson Corporation's involvement in the PPA MDL and discovery, our client has informed us that it has filed responses to the MDL Discovery requests. They are working to get copies of those materials to us. If you are unable to locate these filed responses with the MDL in Seattle, WA, please let me know and I will forward copies once they are received.

Sincerely,

BOWMAN AND BROOKE LLP

Roshan N. Rajkumar

RNR/rnr

::ODMA\PCDOCS\MSP\251284\1

LOPEZ, HODES, RESTAINO, MILMAN & SKIKOS
A LAW CORPORATION

13938A CEDAR RD • #373 • CLEVELAND, OH 44118
TELEPHONE / 330.425.3957 FACSIMILE / 330.425.3958

JANE E JOSEPH
(216) 921-9314
jejoseph@ix.netcom.com
Admitted in Minnesota and Ohio

June 17, 2003

***Sent via facsimile transmission***

Roshan Rajkumar
BOWMAN AND BROOKE LLP
150 South Fifth Street
Suite 1300
Minneapolis, MN 55402-1498

***Re: In Re: Phenylpropanolamine (PPA) Products Liability Litigation***
***MDL No. 1407; Alicia Quezada v. McKesson Corporation***
***Case No. 01-CV-2431 (DWF/AJB)***

Dear Mr. Rajkumar:

Thank you for your letter of June 13 regarding McKesson Corporation's responses to the MDL discovery requests. I already made several attempts to obtain those documents from plaintiffs' liaison counsel but they are unable to locate them. I would appreciate it if you would forward a copy of those materials to me.

Thank you for your cooperation in this matter.

Sincerely,

Jane E Joseph/aos

Jane E. Joseph

JEJ/aos

LOPEZ, HODES, RESTAINO, MILMAN & SKIKOS
A LAW CORPORATION

13938A CEDAR RD ♦ #373 ♦ CLEVELAND, OH 44118
TELEPHONE / 330.425.3957 FACSIMILE / 330.425.3958

JANE E JOSEPH
(216) 921-9314
jejoseph@ix.netcom.com
Admitted in Minnesota and Ohio

August 28, 2003

***Sent via facsimile transmission***

Roshan Rajkumar
BOWMAN AND BROOKE LLP
150 South Fifth Street
Suite 1300
Minneapolis, MN 55402-1498

***Re: In Re: Phenylpropanolamine (PPA) Products Liability Litigation***
***MDL No. 1407; Alicia Quezada v. McKesson Corporation***
***Case No. 01-CV-2431 (DWF/AJB)***

Dear Mr.Rajkumar:

I am writing to follow-up on my letter of June 17, 2003 requesting that your client answer the generic MDL discovery requests. You indicated your client did in fact answer plaintiffs' discovery requests and I would request that you immediately serve those pleadings on plaintiff Alicia Quezada.

Thank you for your cooperation.

Sincerely,

Jane E Joseph/aos

Jane E. Joseph

JEJ/aos

**Bowman and Brooke LLP**
ATTORNEYS AT LAW
MINNEAPOLIS • PHOENIX • DETROIT • SAN JOSE • LOS ANGELES • RICHMOND

**MINNEAPOLIS**
Suite 2600
150 South Fifth Street
Minneapolis, MN 55402-4244
612/339-8682 (Tel)
612/672-3200 (Fax)

**PHOENIX**
Phoenix Plaza
Suite 1700
2929 North Central Ave.
Phoenix, AZ 85012-2761
602/248-0899 (Tel)
602/248-0947 (Fax)

**DETROIT**
Suite 600
50 West Big Beaver Road
Troy, MI 48084-5293
313/871-3000 (Tel)
313/871-3008 (Fax)

**SAN JOSE**
Suite 200
1741 Technology Drive
San Jose, CA 95110-1355
408/279-5393 (Tel)
408/279-5845 (Fax)

**LOS ANGELES**
Suite 700
879 West 190th Street
Gardena, CA 90247-7468
310/768-3068 (Tel)
310/719-1019 (Fax)

**RICHMOND**
Riverfront Plaza West Tower
Suite 1500
901 East Byrd Street
Richmond, VA 23219-4080
804/649-8200 (Tel)
804/649-1762 (Fax)

***OF COUNSEL***

**LAS VEGAS**
Law Offices of
Greg W. Marsh
702/387-0052

**MINNEAPOLIS**
Kenneth Ross
Attorney At Law
952/933-1195

Ward & Ward, L.L.C.
612/672-1100

**DETROIT**
Bliss McGlynn, P.C.
248/649-6090

www.bowmanandbrooke.com

Roshan N. Rajkumar
Direct Dial: (612) 672-3216
E-Mail: Roshan.N.Rajkumar@MSP.BowmanAndBrooke.com

September 3, 2003

**VIA FACSIMILE (330) 425-3958.**

Jane E. Joseph, Esq.
Lopez, Hodes, Restaino, Milman & Skikos
13938A Cedar Road, #373
Cleveland, Ohio 44118

**Re:** ***In Re: Phenylpropanolamine (PPA) Products Liability Litigation MLD No. 1407; Alicia Quezada v. McKesson Corporation Case No. 01-CV-2431 (DWF/AJB)***

Dear Attorney Joseph:

In response to your correspondence dated August 28, 2003, I have spoken with my client and they are in the process of locating copies of discovery responses submitted in the MDL for Seattle, Washington. My client indicated that McKesson has filed discovery responses in more than one MDL in the U.S., and may have sent similar response to each MDL. I have requested that copies of whatever was filed with the MDL, Seattle, WA, be sent to this office as soon as possible, and I will forward the same onto you. Thank you for your patience in this matter. If you have any further questions, please do not hesitate to contact me. I anticipate having hardcopies of McKesson's responses filed with the MDL in seven business days.

Sincerely,

BOWMAN AND BROOKE LLP

Roshan N. Rajkumar

RR/rnr

::ODMA\PCDOCS\MSP\260875\1

# EXHIBIT 3

**O'NEILL & MURPHY, LLP**
**ATTORNEYS AT LAW**

Timothy R. Murphy+◦▲
Patrick H. O'Neill, Jr.
Stephen M. Warner

1050 Degree of Honor Building
325 Cedar Street
Saint Paul, MN 55101-1015
Tel: (651) 292-8100
Fax: (651) 292-8111

5482 County Road 18
Post Office Box 880
Nisswa, MN 56468
Tel: (218) 963-8100
Fax: (218) 963-8200

Legal Assistants

Kimberly A. Lewis
Shannon M. Bettis

Of Counsel
Peter J. Fetterly

+ Certified Trial Specialist, MSBA, NBTA
◦ Also admitted in Wisconsin
▲ Qualified ADR Neutral

Reply To: St. Paul Office

RECEIVED
DEC 1 2003
By

November 24, 2003

<u>**Via Facsimile & U.S. Mail**</u>
Jane E. Joseph, Esq.
Lopez, Hodes, Restaino,
Milman & Skikos
13938A Cedar Road, #373
Cleveland, OH 44118

**RE: <u>Alicia Quezada v. McKesson Corporation</u>**

Dear Ms. Joseph:

This will serve as written confirmation that we have been retained by Perrigo, who has accepted McKesson Corporation's tender of defense, relative to the above-entitled matter. I am attaching a fully executed Substitution of Counsel for your file.

It is my understanding from Perrigo's national counsel that Perrigo's documents have been produced to the MDL in Washington. As to McKesson's documents, McKesson is a distributor and not a manufacturer, and as such, is not required to produce documents as part of the MDL.

If you have any questions, please do not hesitate to contact me.

Very truly yours,

O'NEILL & MURPHY, LLP

Patrick H. O'Neill, Jr.
poneill@o-mlaw.com

PHO:kal
Enclosure

cc: Gale D. Pearson, Esq. (W/Encl.)

# EXHIBIT 4

LOPEZ, HODES, RESTAINO, MILMAN & SKIKOS
A LAW CORPORATION

13938A CEDAR RD • #373 • CLEVELAND, OH 44118
TELEPHONE / 330.425.3957 FACSIMILE / 330.425.3958

JANE E JOSEPH
(216) 921-9314
jejoseph@ix.netcom.com
Admitted in Minnesota and Ohio

December 17, 2003

***Sent via facsimile transmission***

Patrick H. O'Neill, Jr.
O'Neill & Murphy, LLP
1050 Degree of Honor Building
325 Cedar Street
St. Paul, Minnesota 55101

***Re: In Re: Phenylpropanolamine (PPA) Products Liability Litigation***
***MDL No. 1407; Alicia Quezada v. McKesson Corporation***
***Case No. 01-CV-2431 (DWF/AJB)***

Dear Pat:

I am writing to confirm our telephone conversation of December 16, 2003.

First, you advised you intend to serve supplemental answers to interrogatories identifying a new manufacturer of Ms. Quezada's PPA product. You also indicated the defense of this case will be tendered to that new manufacturer. I would appreciate it if you would immediately advise whether new counsel will be substituted in on this case and, if so, his or her name and telephone number.

Let me also reiterate the matters brought to your attention yesterday. McKesson is the sole defendant in this case. You have taken the position that McKesson is not required to respond to the master set of MDL discovery requests. If that is the case, we ask for your stipulation to remand this case back to Minnesota.

If you will not stipulate to remand, I will serve a modified set of discovery requests that reflects McKesson's status. However, you cannot have it both ways: this case will either be discovered in the MDL or it will be remaded to Minnesota. Given the amount of time that has passed since I began my effort to obtain information from your client, I expect and would respectfully ask for your immediate response.

I look forward to hearing from you.

Sincerely,

Jane E. Joseph/aos

Jane E. Joseph

JEJ/aos

# EXHIBIT 5

**O'NEILL & MURPHY, LLP**
ATTORNEYS AT LAW

Timothy R. Murphy+▲
Patrick H. O'Neill, Jr.
Stephen M. Warner

1050 Degree of Honor Building
325 Cedar Street
Saint Paul, MN 55101-1015
Tel: (651) 292-8100
Fax: (651) 292-8111

5482 County Road 18
Post Office Box 880
Nisswa, MN 56468
Tel: (218) 963-8100
Fax: (218) 963-8200

Legal Assistants

Kimberly A. Lewis
Shannon M. Bettis

+ Certified Trial Specialist, MSBA, NBTA
* Also admitted in Wisconsin
▲ Qualified ADR Neutral

Of Counsel
Peter J. Fetterly

Reply To: St. Paul Office

January 9, 2004

Via Facsimile and U.S. Mail
Jane E. Joseph, Esq.
Lopez, Hodes, Restaino,
Milman & Skikos
13938A Cedar Road, #373
Cleveland, OH 44118

RE: Alicia Quezada v. McKesson Corporation

Dear Ms. Joseph:

I am writing in response to your letter of January 7, 2004 in which you asked that we respond to the items set forth in your December 17, 2003 letter before you will consider our request for an extension of the discovery deadline in the above-referenced matter,

First, we have served Supplemental Answers to Interrogatories identifying the manufacturer of Ms. Quezada's PPA product, namely, Teva/Copley pharmaceuticals.

We continue to take the position that McKesson is not required to produce documents in the MDL, or in any way respond to the MDL Master Discovery Requests, as Judge Rothstein has indicated that only manufacturing defendants have an obligation to produce documents in the MDL. A distributor or retailer defendant, absent specific discovery requests directed by the plaintiff, is not under that obligation.

We will not stipulate to the remand of this case. At present, you do not have the proper party joined in this case. I note in the file a Stipulation in which amendment of the Complaint to name Perrigo Company ("Perrigo") as a Defendant, was considered. To date no Amended Complaint has been filed, and in fact, Perrigo is not the manufacturer either, so naming them now would appear to be imprudent.

Under Minn. Stat. § 544.41, in an action based on strict liability against a non-manufacturing defendant, once that defendant identifies the manufacturer, the court will order a dismissal against the non-manufacturing defendant, where that defendant is a "passive middleman," and has distributed the product without having exercised significant control over the design or manufacture. Accordingly, McKesson (and Perrigo, if later named) is entitled to a dismissal. See ***Masepahl v. American Tobacco Co.***, 974 F.Supp. 1245 (D.Minn. 1997).

In addition, we have not yet received the HIPAA compliant medial and Social Security authorizations signed by Ms. Quezada.

Given the fact that you have the wrong party named, and we have a ripe motion for dismissal, I am of the view that we should postpone the deposition and extend discovery. I want to involve WEMED attorney Emily Hicks, National Counsel for Perrigo, in our conference call, which is tentatively scheduled for Monday, January 12, 2004, at 11:30 a.m. CST. Please be prepared to discuss:

1. Our Motion to Dismiss and any proposed Amended Complaint
2. The discovery cut-off
3. The deposition of Ms. Quezada
4. The deposition of Ms. Quezada's treating physicians.

Very truly yours,

O'NEILL & MURPHY, LLP

Patrick H. O'Neill, Jr.
poneill@o-mlaw.com

PHO:kal

cc: Emily Hicks, Esq. *(Via E-Mail Only)*

# EXHIBIT 6

LOPEZ, HODES, RESTAINO, MILMAN & SKIKOS

A LAW CORPORATION

13938A CEDAR RD • #373 • CLEVELAND, OH 44118
TELEPHONE / 330.425.3957 FACSIMILE / 330.425.3958

JANE E JOSEPH
(216) 921-9314
jejoseph@ix.netcom.com
Admitted in Minnesota and Ohio

July 7, 2004

***Sent via facsimile transmission***

Patrick H. O'Neill, Jr.
O'Neill & Murphy, LLP
1050 Degree of Honor Building
325 Cedar Street
St. Paul, Minnesota 55101

***Re: In Re: Phenylpropanolamine (PPA) Products Liability Litigation***
***MDL No. 1407; Alicia Quezada v. McKesson Corporation***
***Case No. 01-CV-2431 (DWF/AJB)***

Dear Mr. O'Neill:

I have just been advised that the *Quezada* case was included in defendants' "Revised List of Cases with Fact Discovery Deadlines that Expired on or Before May 31, 2004, and are Ripe for Remand Pursuant to CMO 17C", dated July 6, 2004. I would respectfully request that you formally withdraw your remand petition. The obvious predicate upon which remand is based is the completion of generic liability discovery of the defendant. That is not the case here. McKesson was not subject to discovery by the Committee in the MDL proceeding, a position you availed yourself of when you refused to answer plaintiffs' master set of discovery requests. Your position necessitated service of customized discovery requests which were only answered as recently as two months ago. In addition, we intend to depose McKesson employees, as we advised in recent correspondence. It would be an unfortunate waste of time to litigate this issue, particularly with the inordinate delays that have occurred in this case.

I hope you will give this request your serious consideration. I would appreciate your prompt response in light of the court's expected briefing schedule.

Sincerely,

Jane E. Joseph /aos

Jane E. Joseph

JEJ/aos

# O'NEILL & MURPHY, LLP
ATTORNEYS AT LAW

Timothy R. Murphy+•▲
Patrick H. O'Neill, Jr.•
Stephen M. Warner•
Cara C. Passaro
Michelle M. Mullenbach≠

1050 Degree of Honor Building
325 Cedar Street
Saint Paul, MN 55101-1015
Tel: (651) 292-8100
Fax: (651) 292-8111

5482 County Road 18
Post Office Box 880
Nisswa, MN 56468
Tel: (218) 963-8100
Fax: (218) 963-8200

Legal Assistants

Kimberly A. Lewis
Shannon M. Bettis
Rosemary Bohn

Of Counsel
Peter J. Fetterly

+ Certified Trial Specialist, MSBA, NBTA
• Also admitted in Wisconsin
▲ Qualified ADR Neutral
≠ Also admitted in Iowa

Reply To: St. Paul Office

July 8, 2004

**Via Facsimile & U.S. Mail**
Jane E. Joseph, Esq.
Lopez, Hodes, Restaino,
Milman & Skikos
13938A Cedar Road, #373
Cleveland, OH 44118

RE: **Alicia Quezada v. McKesson Corporation**

Dear Ms. Joseph:

I am in receipt of your letter dated July 7, 2004, and your voice mail of July 8, 2004. I have forwarded the letter to National Counsel at Wilson, Elser, Moskowitz, Edelman & Dicker.

Please be advised that we will not be withdrawing our request for remand at this time. We did not "request" that the case be remanded. The Court asked all defendants (us included) to provide her with a list of cases that we felt were ripe for remand. Based on the list Defendants submitted, which included this case, the Court issued a show cause order.

Our position remains that Plaintiff is not entitled to discovery from McKesson based upon the CMO's and other Court Orders, as the CMO's do NOT permit discovery against non-manufacturers. McKesson is not a manufacturer, and therefore, we deem discovery to be complete. Moreover, you elected not to stipulate to an extension of the discovery deadline, and as you may recall, in your January 7, 2004 correspondence you requested that we stipulate to remand.

Very truly yours,

O'NEILL & MURPHY, LLP

Patrick H. O'Neill, Jr.
poneill@o-mlaw.com

PHO:kal

cc: Sotera Anderson, Esq.

# EXHIBIT 7

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | | |
|---|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION. | ) | MDL Docket No. 1407 |
| This document relates to: Florene Law, Plaintiff, | ) | MDL Case No. 02-CV-2615 |
| vs. | ) | ND Okla Case No. 02-CV-503 |
| Zee Medical, Inc., J.B. Laboratories, Inc.; L.N.K. International, Inc.; and McKesson Corporation, Defendants. | ) | |

DEPOSITION OF KEVIN LLOYD

VOLUME I
(Pages 1 through 271)

Taken on Wednesday, February 4, 2004, at 9:45 a.m.

(LLOYD)

Deposition of KEVIN LLOYD, taken before Lisa Moskowitz, a Certified Shorthand Reporter for the State

Q. Can you tell me how, if at all -- first of all, have you ever worked with any other McKesson company?

MR. DALLER: Objection to the form of the question.

THE WITNESS: I can't recall working directly for them. I have attended various McKesson conferences where other individuals from other business units were present.

BY MR. SCHILLING:

Q. I guess I should lay some foundation. Zee Medical was at some point bought out by McKesson; is that right?

MR. DALLER: Objection to the form of the question.

THE WITNESS: That was before my time.

BY MR. SCHILLING:

Q. You understand now that Zee Medical is owned by McKesson?

A. Yes.

MR. DALLER: Objection to the form of the question.

BY MR. SCHILLING:

Q. Have you ever been an employee of any other company owned by McKesson?







A. No.

Q. Has your position with Zee caused you to interact with McKesson?

A. Yes.

Q. How does your job responsibilities cause you to interact with McKesson?

A. Interact with the McKesson law department on various issues.

Q. What type of issues would you interact with McKesson?

A. Generally regulatory issues. At times product liability issues.

Q. With respect to regulatory issues, how do you interact with McKesson's law department or any other division?

A. Early on there was very close review of product labeling by McKesson law department.

Q. Can you give me a time frame for that? You say "early on."

A. Approximately 1988 to 1995.

Q. What would they do? What was their responsibility, or what did they do for product labeling for Zee Medical?

A. We would prepare the label copy, type it onto a format, send a copy to McKesson where it would be





reviewed by the law department, and they would make recommendations as to whether it was acceptable or needed revision.

Q. Did they have attorneys in their law department that specialized in FDA regulation issues?

MR. DALLER: Objection to the form.

THE WITNESS: I believe they did. I don't know for certain.

BY MR. SCHILLING:
Q. Do you know any of the names of those individuals that you dealt with?
A. Yes, our primary contact was Judith Reuter, R-e-u-t-e-r. In addition, at that time the labeling was being reviewed by Ina Trugman, I-n-a T-r-u-g-m-a-n.
Q. Other than product labeling, did McKesson provide any assistance for other parts of your job?
A. Yes.
Q. How so?
A. I have participated on various committees. One of those committees had to do with environmental affairs. I attended one or two conferences that they held concerning us. We had some interaction on those issues. In addition, I'm also a member of the regulatory affairs task force.
Q. Is that a McKesson regulatory affairs task







force?
A. Yes, it is.
Q. Who makes up the members of that task force?
A. Representatives from each business unit.
Q. Tell me what the business units are.
A. Those are changed over the years. I don't know that I could give you a real accurate description of those at this point.
Q. Can you name a few? What business unit is Zee Medical considered a part of?

A. Medical/surgical.
Q. Can you name any others that are part of that task force or have been in the past?
A. I can't recall at the current time.
Q. Are there any other employees that are part of the medical/surgical unit that are part of that task force?
A. Would you repeat that question.
Q. Are there any other individuals in medical/surgical unit that are part of this task force you're discussing?
A. I believe so, yes.
Q. Who are some of those people?
A. I don't know that I could tell you.
Q. Let me ask you this: Are there any from Zee







Medical that are also part of that task force?
A. No.
Q. What other companies represent medical/surgical on that task force, if at all?
A. I can't recall the names of them.
Q. Tell me what the task force does.
A. They review various regulatory issues, and they respond to -- they provide information to the members. They hold conferences from time to time.
Q. Can you tell me if that task force ever took up the issue of phenylpropanolamine at any time?
A. Some of the communications from that task force