THE HONORABLE BARBARA J. ROTHSTEIN

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION — MDL No. 1407

This document relates to: — MDL Docket No. 02-CV-2599

Alicia Quezada v. McKesson Corporation
Case No.: 01-CV-2431 DWF/AJB

**McKesson Corporation's Responses to Plaintiff's Document Requests**

TO: PLAINTIFF ABOVE-NAMED and JANE E. JOSEPH, ESQ., Her Attorney, Lopez, Hodes, Restaino, Milman & Skikos, 13938A Cedar Road, #373, Cleveland, Ohio, 44118

COMES NOW defendant McKesson Corporation ("M^C^KESSON"), by and through its attorneys of record, hereby makes its Responses to Plaintiff's Document Requests to Defendant as follows:

M^C^KESSON has not fully completed its investigation of the facts relating to this lawsuit, has not completed its discovery in this lawsuit, and has not completed its preparation for trial. All of the objections contained herein are based only upon such

information which is presently available to and specifically known to MCKESSON. It is anticipated that further discovery and independent investigation may lead to discovery of additional information which might result in different or additional objections and/or responses.

Counsel for MCKESSON have sought to prepare for discovery in this matter involving a product containing Phenylpropanolamine ("PPA") by undertaking efforts to investigate the claims asserted by Plaintiff.

MCKESSON reserves the right to assert additional objections as appropriate and to supplement these Responses and Objections. Furthermore, MCKESSON does not waive or intend to waive, by reason of these Responses and Objections to these Document Requests, its right to assert additional objections as appropriate and to supplement these Responses and Objections.

These Responses are made solely for the purpose of and in relation to this lawsuit. Except for the facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred. The fact that any Request herein has been answered should not be taken as an admission of the facts assumed by such Request. All Responses should be construed as given on the basis of present recollection.

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

The following general comments and objections apply to each of the requests set forth in Plaintiff's Request For Production of Documents.

A. Defendant objects to the Instructions and Definitions set forth in Plaintiff's Request For Production of Documents to the extent that the Instructions and Definitions purport to place on this defendant obligations that exceed those set forth in the Federal Rules of Civil Procedure.

B. McKESSON objects to this set of Requests to the extent that any request or part thereof calls for information, legal analysis or reasoning, writings, communications, or anything else protected from disclosure by the work product doctrine, the attorney client privilege, the joint defense doctrine, or the right to privacy. To the extent that such protections belong to McKESSON's attorneys, they join in the objection. McKESSON further objects to each Request to the extent that it purports to impose requirements beyond those of the Federal Rules of Civil Procedure.

C. McKESSON's objections are made on the basis of information and writings presently available to and located by McKESSON upon reasonable investigation. McKESSON reserves the right to modify or enlarge the objections set forth herein as a result of subsequently discovered information.

D. The word usage and sentence structure may be that of the attorney assisting in the preparation of this Response and thus does not necessarily purport to be the precise language of the party.

E. The information supplied in this Response is not based solely of the knowledge of the party, but includes knowledge of the party, his agents, representatives and attorneys, unless privileged.

F. M^C^KESSON further objects to these Requests to the extent that they are not reasonably limited in time or scope and are therefore overly broad and unduly burdensome.

G. M^C^KESSON further objects to these Requests to the extent that they are intended to burden, annoy or harass Defendant.

H. By responding to these Requests, M^C^KESSON does not waive: (1) any objections to admissibility of, competency of, relevancy of, materiality of, or privileges attaching to any information provided; or (2) the right to object to other discovery requests or under takings involving or relating to the subject matter of the requests herein. An objection or answer in response to Plaintiff's first set of Requests in no way constitutes or should be construed as an admission of the relevance or admissibility of any document or information. M^C^KESSON expressly does not concede the relevance or materiality of any requests or the subject matter to which it refers.

I. Nothing herein shall be construed as an admission by the Defendant respecting the admissibility or relevance of any fact or document, or of truth or accuracy of any characterization or document referenced in Plaintiff's Interrogatories.

J. Defendant objects to the Requests to the extent they call for the disclosure of confidential information or documents protected by the attorney-client, work-product, or other privilege or protection, and will not disclose such information.

K. Defendant objects to the Requests to the extent that they call for disclosure of materials prepared in anticipation of litigation and/or trial preparation material.

L. Defendant objects to the Requests to the extent they are so vague, overly broad, and unduly burdensome as to render it impossible to respond in any reasonable manner or amount of time.

M. Defendant objects to the Requests as unduly burdensome and oppressive insofar as they seek information or materials already within Plaintiff's knowledge, possession and/or control.

N. Defendant objects to the Requests to the extent that they purport to require Defendant to locate or produce documents that are not in his possession, custody or control.

O. Defendant objects to the Requests as being improper, unduly burdensome, and oppressive to the extent that they request Defendant to identify all facts, persons with knowledge and documents relating to its contentions in this action well prior to the completion of discovery herein.

P. Defendant objects to the Requests to the extent that they require Defendant to detail all of its legal contentions and all supporting facts, on the grounds that such requests are premature at this stage of the litigation and would entail undue burden and expense for Defendant while discovery progresses. Defendant reserves the right to amend or supplement this Response after discovery is concluded in this action.

Q. McKESSON incorporates by reference the Preliminary Statement and General Objections in addition to the Objections to Plaintiff's Definitions as though fully set forth in each Response below.

R. M$^{C}$KESSON objects to the Requests for Production of Documents in that the Requests were served one day prior to the close of case-specific fact discovery and thus are not timely.

S. M$^{C}$KESSON objects to the Requests for Production of Documents in that the case-specific discovery deadline for this case has now passed, and this deadline as set forth in Case Management Order 6, applies equally to the Plaintiff and Defendant.

T. M$^{C}$KESSON objects to the Requests for Production of Documents in that the requests, including parts and subparts, exceed the ten (10) permitted pursuant to Case Management Order Number 6.

U. M$^{C}$KESSON objects to the Requests for Production of Documents to the extent that the Requests attempt to duplicate the Master Discovery Requests set forth in Case Management Order Number 1, as M$^{C}$KESSON was a distributor of PPA-containing products, and thus was not subject to the Master Discovery Requests.

V. M$^{C}$KESSON objects to the Requests for Production of Documents to the extent that the Requests demand documents from Zee Medical, Inc. as Zee Medical, Inc. is a not a party to the case.

**OBJECTIONS AND RESPONSES TO DOCUMENT REQUESTS**

A. CORPORATE DATA

1. Produce:

a. Each and every general liability, comprehensive general liability, advertising liability or product liability insurance policy (and any other insurance policy which you believe may provide coverage for the personal injury claims asserted in this litigation that you

purchased or on which you are a named insured, including policies purchased by related corporate entities), including all excess layers, for the years 1990 through 2000, inclusive;

b. Any charts or schedules of layers of insurance or self-insured retention for any of the respective years of coverage; and

c. Any documents relating or referring to any disputes or reservations of rights as to coverage.

**RESPONSE:** M^C^KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. See M^C^KESSON's Answers to Plaintiff's Interrogatories.

2. Produce all documents relating, referring to or embodying any indemnity agreements, agreements to assume liability, agreements to assume the defense and joint defense agreements made by Defendant, insurers for Defendant, or any other entities that may be financially affected by any of the claims asserted in this litigation.

**RESPONSE:** M^C^KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. The Request also seeks information protected by the attorney-client and/or work-product doctrine. See M^C^KESSON's Answers to Plaintiff's Interrogatories.

3. Produce all documents relating, referring to or embodying all licenses, contracts, royalty agreements or other agreements made by Defendant any and other entity related to the transfer of responsibility for the sale, marketing, manufacturing, testing or compliance with FDA regulations for any of your PPA products.

**RESPONSE:** M^C^KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. The Request also seeks information protected by the attorney-client and/or work-product doctrine. Subject to the foregoing objections and without waiving the same, M^C^KESSON states that non privileged documents responsive to this Rrequest that are potentially applicable to the present case will be produced, to the extent that they exist and have been located.

4. Produce:

   a. All documents reflecting your year end financial statements for the years 1990-2000;
   b. Quarterly reports for the current fiscal year [the includes 10-Ks and 10-Qs for publicly traded companies]; and
   c. All of your filings with the National Association of Securities Dealers for the years 1990-2000.

**RESPONSE:** M[C]KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. It is also vague and ambiguous. See M[C]KESSON's Answers to Plaintiff's Interrogatories.

5. Produce your annual reports for the years 1990-2000.

**RESPONSE:** See Response to Request for Production No. 4.

6. Produce all of your document retention or document destruction policies in effect for the years 1990-2000 and all document which discuss or refer thereto.

**RESPONSE:** M[C]KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. It is also vague and ambiguous. Subject to the foregoing objections and without waiving same, M[C]KESSON states that no such document retention policy exists.

7. Produce Defendant's Articles of Incorporation, By-Laws, and any Amendments thereto.

**RESPONSE:** M[C]KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. The Request also calls for confidential, proprietary and/or trade secret information. Subject to the foregoing objections and without waiving same, M[C]KESSON states that it will produce its Articles of Incorporation, Bylaws, and any amendments thereto, to the extent they exist and have been located.

8. For each year between 1990-2000 in which Defendant distributed a PPA product, produce all documents relating, referring to or embodying:

a. General corporate organizational charts;
b. Sales department organizational charts;
c. Marketing department organizational charts;
d. Research and development department organizational charts, if applicable; and
e. Medical department organizational charts, if applicable.

**RESPONSE:** M[C]KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. The Request also calls for confidential, proprietary and/or trade secret information. Subject to the foregoing objections and without waiving same, M[C]KESSON states that it will not produce its organizational chart to Plaintiff in that this Request duplicates the Master Discovery Requests pursuant to Case Management Order No. 1, and M[C]KESSON is not a manufacturer.

9. Produce any documents reflecting:

a. All corporate officers for the last five years;
b. All members of the Board of Directors for the last five years;
c. All persons or entities which owned 5% or more of Defendant's common stock for the last five years; and
d. Annual organizational charts for any entity which owned more than 5% of Defendant's common stock during the last five years.

**RESPONSE:** M[C]KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. The Request also calls for confidential, proprietary and/or trade secret information. Subject to the foregoing objections and without waiving same, M[C]KESSON states that it will not produce documents responsive to this Request, in that this Request duplicates the Master Discovery Requests pursuant to Case Management Order No. 1, and M[C]KESSON is not a manufacturer.

10. As to any entity with which you are affiliated through common ownership and control that is involved in the manufacture, testing, marketing, licensing, sale or distribution of a PPA product, produce all documents which describe

in any way the responsibilities that each such entity has in regard to any PPA product.

**RESPONSE:** M[C]KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. It is also vague and ambiguous. It invades the consulting-only expert privilege. The Request also calls for confidential, proprietary and/or trade secret information. M[C]KESSON objects to this demand to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. Subject to the foregoing objections and without waiving same, M[C]KESSON states that it will not produce documents responsive to this Request, in that this Request duplicates the Master Discovery Requests pursuant to Case Management Order No. 1, and M[C]KESSON is not a manufacturer.

11. Produce all indices, including, but not limited to, computer print-outs, listing the name, case caption, attorney and/or status of any lawsuit filed against Defendant and its subsidiaries regarding any PPA product, including cases which have been dismissed, settled, withdrawn or tried to verdict and produce documents reflecting the plaintiffs' attorneys' address, fax and telephone numbers.

**RESPONSE:** M[C]KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. The Request also seeks information that is equally available to the Plaintiff. It is also vague and ambiguous. It The request also calls for confidential, proprietary and/or trade secret information. The Request also seeks information protected by the attorney-client privilege and/or the work-product doctrine. M[C]KESSON objects to this demand to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. M[C]KESSON further objects to this Request as it does not describe the documents sought to be identified with reasonable particularity. See M[C]KESSON's Answers to Plaintiff's Interrogatories.

12. Produce all documents relating, referring to or embodying minutes of all Board of Directors meetings which in any way refer to the risk or occurrence

of stroke, vasculitis, vasospasm or hypertension with the use of any PPA product.

**<u>RESPONSE</u>:** M[C]KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. M[C]KESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. Subject to the foregoing objections and without waiving same, M[C]KESSON states that it is not aware of any such documents as it is not a manufacturer.

13. Produce any documents relating, referring to or embodying notice of claims, claims projections, loss estimates or risk management related to PPA products.

**<u>RESPONSE</u>:** M[C]KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. M[C]KESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested.

14. Produce all documents relating, referring to or embodying any correspondence, communications, contracts or other discussions of any kind between Defendant, its agents or any party acting on Defendant's behalf, and any other company concerning the risk or occurrence of stroke, vasculitis, vasospasm or hypertension with the use of any PPA product.

**<u>RESPONSE</u>:** M[C]KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. M[C]KESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. Subject to the foregoing objections and without waiving same, M[C]KESSON states that it is not aware of any such documents as it is not a manufacturer.

15. Produce all documents relating, referring to or embodying any codes of conduct or ethical standards promulgated, adopted or followed by

Defendant between 1990-2000 with respect to the marketing or labeling of drug products.

**<u>RESPONSE</u>:** M[C]KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. M[C]KESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. Subject to the foregoing objections and without waiving same, M[C]KESSON states that it is not aware of any such documents.

16. Produce all documents relating, referring to or embodying any codes of conduct or ethical standards with respect to the marketing or labeling of drug products that were promulgated or adopted by any trade organization which Defendant was a member between 1990-2000.

**<u>RESPONSE</u>:** M[C]KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. M[C]KESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. Subject to the foregoing objections and without waiving same, M[C]KESSON states that it is not aware of any such documents.

B. <u>FDA AND GOVERNMENT REGULATORY DOCUMENTS</u>

17. Produce all documents relating, referring to or embodying communications between Defendant or any agent or consultant of Defendant, and the FDA, regarding vasculitis, vasospasm or hypertension with the use of any PPA product.

**RESPONSE:** M^C^KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. M^C^KESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. Subject to the foregoing objections and without waiving same, M^C^KESSON states that it is not aware of any such documents as it is a distributor.

18. Produce all documents concerning any internal FDA meetings, FDA Advisory Panel meetings, meetings between FDA and any companies in the chain of distribution of PPA products and meetings between FDA and any trade organization regarding the risk or occurrence of stroke, vasculitis, vasospasm or hypertension with the use of any PPA product.

**RESPONSE:** M^C^KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. M^C^KESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. Subject to the foregoing objections and without waiving same, M^C^KESSON states that it is not aware of any such documents as it is not a manufacturer.

19. Produce:

a. Complete files for all adverse reaction reports concerning the occurrence of stroke with the use of any PPA product in the United States.
b. All summaries (including but not limited to computerized data), analysis or interpretations of any such adverse reaction report(s); and
c. All documents which discuss or refer to any adverse reaction report, or any summary, analysis or interpretation thereof.

**RESPONSE:** M^C^KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. M^C^KESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. Subject to the foregoing objections and without waiving same, M^C^KESSON

states that it is not aware of any such documents as it is not a manufacturer.

20. Produce:

a. All documents relating or referring to adverse drug reactions or alleged adverse drug reactions concerning reports of stroke with the use of any PPA product which occurred in any country other than the United States;
b. All documents relating or referring to or embodying summaries, computerized data, analysis, or interpretation of said reports;
c. All documents relating, referring or embodying the submission of said reports to any government regulatory authority, whether FDA or foreign;
d. All documents relating or referring to the failure to submit such reports to any government regulatory authority, whether FDA or foreign; and
e. Produce all documents which relate, refer to or embody any such incidents or reports.

**RESPONSE:** M[C]KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. M[C]KESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. Subject to the foregoing objections and without waiving same, M[C]KESSON states that it is not aware of any such documents as it is not a manufacturer.

21. Produce all documents relating, referring to or embodying any communication with or submissions to the FDA or any foreign government regulatory authorities regarding the regulation, approval, safety or testing of any PPA product.

**RESPONSE:** M[C]KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. M[C]KESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. Subject to the foregoing objections and without waiving same, M[C]KESSON

states that it is not aware of any such documents as it is not a manufacturer.

22. Produce all documents relating, referring to or embodying any communication with or submissions to the FDA or any foreign government regulatory authority regarding the recall of any PPA product or the removal of PPA from the product.

**RESPONSE:** M[C]KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. M[C]KESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. Subject to the foregoing objections and without waiving same, M[C]KESSON states that it is not aware of any such documents as it is not a manufacturer.

23. Produce all documents relating, referring to or embodying any communications between Defendant and any of its customers or suppliers of PPA products regarding FDA regulation and oversight of any PPA product.

**RESPONSE:** M[C]KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. M[C]KESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. Subject to the foregoing objections and without waiving same, M[C]KESSON states that all non-privileged documents responsive to this Request and relating to this case will be produced, to the extent they exist and have been located.

24. Produce all documents relating, referring to or embodying any information received by Defendant from any physician in regard to the risk or occurrence of stroke, vasculitis, vasospasm or hypertension with the use of any PPA product.

**RESPONSE:** M[C]KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. M[C]KESSON objects to this demand to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. Subject

to the foregoing objections and without waiving same, M^C^KESSON states that it is not aware of any such documents as it is not a manufacturer.

25. Produce all documents relating, referring to or embodying any discussions, negotiations or contracts to engage any third party to represent Defendant's interests before the FDA or any foreign government regulatory authority, or any Committee or subcommittee thereof, in regard to the risk or occurrence of stroke, vasculitis, vasospasm or hypertension with the use of any PPA product, including but not limited to retainer agreements or consultant agreements.

**RESPONSE:** MCKESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. MCKESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. Subject to the foregoing objections and without waiving same, MCKESSON states that it is not aware of any such documents as it is not a manufacturer.

26. Produce all documents relating, referring to or embodying any discussion or submission between Defendant and any state government regulatory agency or any state medical society concerning the risk or occurrence of stroke, vasculitis, vasospasm or hypertension with the use of any PPA product.

**RESPONSE:** MCKESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. MCKESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. Subject to the foregoing objections and without waiving same, MCKESSON states that it is not aware of any such documents as it is not a manufacturer.

C. PRODUCT SAFETY

27. Produce all documents relating, referring to or embodying any studies or testing of any PPA product to assess the risk or occurrence of stroke, vasculitis, vasospasm or hypertension with the use of PPA.

**RESPONSE:** M[C]KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. M[C]KESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. Subject to the foregoing objections and without waiving same, M[C]KESSON states that it is not aware of any such documents as it is not a manufacturer.

28. Produce:

a. All documents relating, referring to or embodying a bibliography of articles or reports concerning the risk or occurrence of stroke, vasculitis, vasospasm or hypertension with any PPA product, including but not limited to monographs, presentations, letters to the editor, abstracts, and any other published reports; and

b. Copies of each such article or report in Defendant's possession.

**RESPONSE:** M[C]KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. M[C]KESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. Subject to the foregoing objections and without waiving same, M[C]KESSON states that it is not aware of any such documents as it is not a manufacturer.

29. Produce all documents relating, referring to or embodying Defendant's "Patient Support and Side Effects Hotline Services" regarding any PPA product.

**RESPONSE:** M[C]KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. M[C]KESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. Subject to the foregoing objections and without waiving same, M[C]KESSON states that it is not aware of any such documents as it is not a manufacturer.

30. Produce all documents relating, referring to or embodying Defendant's medication safety program.

**RESPONSE:** M[C]KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. M[C]KESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. Subject to the foregoing objections and without waiving same, M[C]KESSON states that it is not aware of any such documents as it is not a manufacturer.

31. Produce all documents relating, referring to or embodying discussions with other companies involved in the chain of manufacture and distribution of any PPA product regarding health risks associated with or allegedly associated with PPA.

**RESPONSE:** M[C]KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. M[C]KESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. Subject to the foregoing objections and without waiving same, M[C]KESSON states that it is not aware of any such documents as it is not a manufacturer.

32. Produce all documents relating, referring to or embodying discussions with your subsidiaries, including, but not limited to, Zee Medical and McKesson Pharmaceutical regarding health risks associated with or allegedly associated with PPA.

**RESPONSE:** M^C^KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. MCKESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which plaintiff allegedly ingested. Subject to the foregoing objections and without waiving same, MCKESSON states that it is not aware of any such documents, nor is it aware of an entity called McKesson Pharmaceutical.

D. PRODUCT RECALL

33. Produce all documents relating, referring to or embodying any communications with the FDA or any foreign government regulatory authority regarding any discussion or suggestion that PPA be eliminated from any of its products or withdraw any PPA product from the market.

**RESPONSE:** MCKESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. MCKESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. Subject to the foregoing objections and without waiving same, none.

34. Produce all documents relating, referring to or embodying any communication with other companies involved in the manufacture, sale or distribution of any PPA product regarding any discussion or suggestion that PPA be eliminated from any of the products Defendant distributes or from products manufactured by Defendant's subsidiaries.

**RESPONSE:** MCKESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. MCKESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. Subject to the foregoing objections and without waiving same, MCKESSON states that it will produce documents relative to the product at issue in this case that were received from its supplier L. Perrigo Company, to the extent they exist and have been located.

35. Produce all documents relating, referring to or embodying any communication with other companies involved in the manufacture, sale or distribution of any PPA product regarding any discussion or suggestion that Defendant or its subsidiaries' PPA products be withdrawn from the market.

**RESPONSE:** M^C^KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. M^C^KESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. Subject to the foregoing objections and without waiving same, M^C^KESSON states that it will produce documents relative to the product at issue in this case that were received from its supplier L. Perrigo Company, to the extent they exist and have been located.

36. Produce all documents relating, referring to or embodying any communication with your subsidiaries, including, but not limited to, Zee Medical and McKesson Pharmeceutical regarding any discussion or suggestion that PAA be eliminated from PPA products or that PPA products be withdrawn from the market.

**RESPONSE:** M^C^KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. M^C^KESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. See Response to Request for Production No. 32.

37. Produce all documents (including, but not limited to, drafts) concerning recall notices, dear doctor letters, letters to physicians, pharmacists or other health care providers, newspaper or other print advertisements, press releases, questions and answers or other public statements regarding the recall of any PPA product or the removal of PPA from any product.

**RESPONSE:** M^C^KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. M^C^KESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. M^C^KESSON objects to this Request to the extent it seeks information

regarding the "recall" of any PPA product, in that there was no "recall" of PPA products. Subject to the foregoing objections and without waiving same, M^C^KESSON states that it will produce documents relative to the product at issue in this case that were received from its supplier L. Perrigo Company, to the extent they exist and have been located.

38. Produce all documents relating, referring to or embodying the retention of persons in any medical discipline to study, assess or analyze the risk or occurrence of stroke, vasculitis, vasospasm or hypertension with the use of any PPA product by or on behalf of Defendant, whether retained directly by Defendant or otherwise.

**RESPONSE:** M[C]KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. M[C]KESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. Subject to the foregoing objections and without waiving same, M[C]KESSON states that it is not aware of any such documents.

39. Produce all documents relating, referring to or embodying any analysis of the actual or anticipated impact of the reformulation of any of the PPA products you distribute to remove PPA from the product on:

a. The cost of producing such reformulated product;
b. The market share of such reformulated product;
c. The dollar sales of such reformulated product; and
d. Consumer preference or satisfaction with such reformulated product.

**RESPONSE:** M[C]KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. M[C]KESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. Subject to the foregoing objections and without waiving same, M[C]KESSON states that it is not aware of any such documents as it is a distributor and not a manufacturer and does not "formulate" or "reformulate" products.

E. LABELING

40. Produce all documents relating, referring to or embodying any labeling, including drafts and revisions thereto, ever generated for each PPA product marketed or distributed by Defendant.

**RESPONSE:** M[C]KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. M[C]KESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. Subject to the foregoing objections and without waiving same, M[C]KESSON states that it is not a manufacturer and thus has no control over labeling, however, documents relating to the product that is the subject of this case and which are responsive to this Request will be produced to the extent they exist and have been located.

41. As to each change in the PPA product labeling, produce all documents relating, referring to or embodying said label change.

**RESPONSE:** See Response to Request for Production No. 40.

42. Produce all documents relating, referring to or embodying communications by any companies involved in the manufacture, sale and distribution of PPA products to physicians, pharmacists or consumers regarding any change in the labeling or recommendations for use of any PPA product, including, but not limited to, Dear Doctor letters.

**RESPONSE:** M[C]KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. M[C]KESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. Subject to the foregoing objections and without waiving same, M[C]KESSON states that it is not aware of any such documents as it is a distributor and not a manufacturer.

43. Produce all documents relating, referring to or embodying any communications by any companies involved in the manufacture, sale and distribution of PPA products with the FDA or any Foreign Government Regulatory Authority regarding changes in the label or recommendations for use of any PPA product.

**RESPONSE:** M[C]KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. M[C]KESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. Subject to the foregoing objections and without waiving same, M[C]KESSON states that it is not aware of any such documents as it is a distributor and not a manufacturer.

44. Produce all documents, including, but not limited to, internal memorandum, minutes of meetings, and draft proposals, regarding any consideration, discussion, decision or attempt to revise any label or recommendations for use of any PPA product.

**RESPONSE:** M[C]KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. M[C]KESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. Subject to the foregoing objections and without waiving same, M[C]KESSON states that it is not aware of any such documents as it is a distributor and not a manufacturer.

45. Produce all documents relating, referring to or embodying information published in any PDR concerning any PPA product, and produce all documents relating, referring to or embodying revisions, alterations or discussions of PDR data.

**RESPONSE:** M[C]KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. M[C]KESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. Subject to the foregoing objections and without waiving same, M[C]KESSON states that it is not aware of any such documents as it is a distributor and not a manufacturer.

46. Produce all documents relating, referring to or embodying materials provided to consumers upon purchase of any PPA product, such as package inserts, instructions or warnings included within the packaging and produce all documents relating, referring to or embodying drafts of said documents, discussions of said documents or revisions or alterations thereto.

**RESPONSE:** M[C]KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. M[C]KESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. Subject to the foregoing objections and without waiving same, M[C]KESSON states that it is not aware of any such documents as it is a distributor and not a manufacturer.

F. MARKETING

47. Produce:

a. An exemplar color copy of each advertisement for any PPA product;
b. All documents relating or referring to the issue of whether a warning about the risk or occurrence of stroke, vasculitis, vasospasm or hypertension should be mentioned in any such advertisements.

**RESPONSE:** M[C]KESSON objects to the word "advertising" as vague and ambiguous, and to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. M[C]KESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. Subject to the foregoing objections and without waiving same, M[C]KESSON states that it does not have any such documents, since it was a distributor.

48. Produce:

a. All documents relating, referring to or embodying any press releases or public relations material for any PPA product that relate or refer to the risk or occurrence of strokes with the use of such products; and
b. All documents relating, referring to or embodying any drafts, discussions, FDA approvals or revisions of said information.

**RESPONSE:** M[C]KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. M[C]KESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. Subject to the foregoing objections and without waiving same, M[C]KESSON states that it does not have any such documents, since it was a distributor.

49. Produce:

a. Exemplars of any videotapes or other visual aids to advertise and promote the use of any PPA products; and
b. All documents relating or referring to the issue of whether a warning about the risk or occurrence of stroke, vasculitis, vasospasm or hypertension should be mentioned in any such videotapes or visual aids.

**RESPONSE:** M[C]KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. M[C]KESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. Subject to the foregoing objections and without waiving same, M[C]KESSON states that it does not have any such documents, since it was a distributor.

50. Produce all documents relating, referring to or embodying sponsorship, financial support, contribution of product, consultation agreements, or other items of value provided to or for any person studying the risk or occurrence of stroke, vasculitis, vasospasm or hypertension with the use of any PPA product, either alone or in combination with another drug.

**RESPONSE:** M^C^KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. MCKESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. Subject to the foregoing objections and without waiving same, MCKESSON states that it does not have any such documents, since it was a distributor.

51. Produce all documents relating, referring to or embodying any minutes, agendas, brochures, memoranda or correspondence relating to meetings of any trade group or of any other group or association regarding the risk or occurrence of stroke, vasculitis, vasospasm or hypertension with the use of any PPA product which were attached, supported or sponsored by Defendant.

**RESPONSE:** MCKESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. MCKESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. Subject to the foregoing objections and without waiving same, MCKESSON states that it does not have any such documents, since it was a distributor.

52. Produce:

a. All documents relating or referring to medical seminars, conferences or lectures conducted, sponsored in whole or in part, or in which Defendant or its agents participated, in which the topic of the risk or occurrence of stroke, vasculitis, vasospasm or hypertension with the use of a PPA product was discussed;

b. All documents relating, referring to or embodying any presentations made by or on behalf of Defendant and any materials displayed, relied upon or distributed by Defendant at said conference.

**RESPONSE:** MCKESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. MCKESSON objects to this Request to the extent

it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. Subject to the foregoing objections and without waiving same, M$^{C}$KESSON states that it does not have any such documents, since it was a distributor.

G. PHYSICIANS AND SCIENTISTS

53. Produce every document relating, referring to or embodying any opinion by a physician, a scientist, or a medical or scientific expert, regarding the risk or occurrence of stroke, vasculitis, vasospasm or hypertension with the use of PPA products, including, but not limited to, reports prepared in legal proceedings, opinions expressed in depositions or trial, reports submitted to scientific journals, opinions expressed at medical conferences, and opinions provided as testimony, reports or statements to the FDA or any foreign government regulatory authority, or any advisory committee thereof.

**RESPONSE:** M$^{C}$KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. M$^{C}$KESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. Subject to the foregoing objections and without waiving same, M$^{C}$KESSON states that it is not aware of any such documents as it is a distributor and not a manufacturer.

54. Produce all documents relating, referring to or embodying any financial payments, contributions or support provided by Defendant to any physician, scientist, medical or scientific expert which is the subject of the preceding Request, or any institution, agency or entity with which said individual is affiliated.

**RESPONSE:** M$^{C}$KESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. M$^{C}$KESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. Subject to the foregoing objections and without waiving same, M$^{C}$KESSON states that it is not aware of any such documents as it is a distributor and not a manufacturer.

55. Produce every document relating, referring to or embodying any attempt by Defendant to retain, engage or otherwise provide financial support or item of value to any person engaged in scientific or medical study of the risk or occurrence of stroke, vasculitis, vasospasm or hypertension with the use of any PPA product.

**RESPONSE:** McKESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. McKESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. Subject to the foregoing objections and without waiving same, McKESSON states that it is not aware of any such documents as it is a distributor and not a manufacturer.

H. DOCUMENTS CONCERNING LITIGATION

56. Produce all documents that you were requested to identify in response to Plaintiff's Interrogatories.

**RESPONSE:** McKESSON adopts and incorporates herein each of its General Objections and objections to each individual Interrogatory set forth in its Answers to Plaintiff's Interrogatories as if set forth herein in their entirety. Subject to the foregoing objections and without waiving the same, McKESSON states that non-privileged documents responsive to this Request will be produced to the extent they exist and have been located.

57. Produce all documents from the files of the individuals identified in response to Plaintiff's Interrogatories that relate or refer to the risk or occurrence of stroke, vasculitis, vasospasm or hypertension with the use of any PPA product.

**RESPONSE:** McKESSON objects to the extent that the scope of this Request is overly broad, harassing and unduly burdensome. It seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. McKESSON objects to this Request to the extent it seeks information regarding "PPA products" other than the specific medicine containing PPA which Plaintiff allegedly ingested. Subject to the foregoing objections and without waiving same, McKESSON states that it is not aware of any such documents as it is a distributor and not a manufacturer.

58. Produce all documents upon which Defendant relies to support each and every affirmative defense asserted in the Answers filed to the Complaint of Plaintiff.

**RESPONSE:** McKESSON adopts and incorporates herein each of its General Objections. Subject to and without same, McKESSON states that documents which are responsive to this Request, to the extent they are not subject to the attorney-client privilege and/or the work-product doctrine, will be produced to the extent they exist and have been located.

O'NEILL & MURPHY, LLP

Dated: 3/1/04

By s/Patrick H. O'Neill, Jr.
Patrick H. O'Neill, Jr. (#207950)
Cara C. Passaro (#0312587)
1050 Degree of Honor Building
325 Cedar Street
Saint Paul, MN 55101-1015
(651) 292-8100

**Attorneys for Defendant**