THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, | **MDL: 1407** |
| This document relates to:<br>Quezada v. McKesson Corporation<br>Case No. 2:02-cv-02599 | **PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE** |

**INTRODUCTION**

Defendant McKesson Corporation clearly attributes different meaning to the Case Management Orders cited in the parties' briefs. If defendant's interpretation is adopted by the court, then this case shall be remanded to federal court in Minnesota without *any* opportunity to depose defendant's corporate employees. In fact, if the court finds that the deadline for discovery of defendant expired on January 22, 2004, then plaintiff technically will have had no opportunity to

**LOPEZ, HODES, RESTAINO, MILMAN & SKIKOS**
**13938A Cedar Rd., Suite 373**
**Cleveland, Ohio 44118**
**(216) 921-9314 Telephone**
**(216) 921-9334 Facsimile**

discover defendant at all, notwithstanding defendant's conduct to the contrary. It could not have been the court's intention to deprive a plaintiff of discovering an only defendant in a PPA lawsuit. In any event, defendant has waived its right to object to being discovered in the MDL since it answered plaintiff's written discovery requests. It would be patently unfair to remand this case to Minnesota before plaintiff has had an opportunity to complete her discovery of defendant.

## ARGUMENT

I. Defendant Confuses The Deadline For Case-Specific Discovery in CMO No. 6 With The Deadline For Completion of Generic Fact Discovery of Defendants in CMO No. 1

In its responsive brief, defendant fails to distinguish between the deadline for completion of case-specific discovery and the deadline for completion of generic liability discovery of a defendant. CMO No. 6 sets forth the schedule and appropriate discovery methods for case-specific discovery. It permits depositions of the plaintiff and his/her treating physicians as well as limited case-specific interrogatories by both parties. CMO No. 6 however, does not provide guidance for generic fact discovery of a defendant; that discovery is addressed in Section V of CMO No. 1. All of the deadlines for completion of fact discovery of a defendant pursuant to CMO No. 1 presume that at least one defendant in the case has responded to either the Master Discovery Requests or some equivalent thereof. That simply did not happen here.

McKesson erroneously represented, as early as June 13, 2003, that it had responded to the Master Discovery Requests and that it would provide plaintiff with a copy of those pleadings and documents. Defendant misled plaintiff for six months. When defendant advised in November, 2003 that it had not and would not answer the Master Discovery Requests, it did not contend that *all* discovery must be completed by the fact discovery deadline. Defendant did not take that position because it would have been outrageous given its prior conduct.

Plaintiff would have had to serve interrogatories, document requests, review documents, and depose corporate employees within a two month period.

Furthermore, defendant could have but did not refuse to answer plaintiff's discovery requests on the basis that they were not timely served. Most likely, defendant did not even formulate its present argument until the court unwittingly provided defendant with a pretext for avoiding discovery when it issued Order to Show Cause Why This Matter Should Not Be Remanded.

Defendant was also given an opportunity to proceed with discovery outside of the MDL before fact discovery of this defendant began. It chose not to do so. Defendant's legal maneuverings in *Quezada* must end here.

## II. Plaintiff Is Entitled To Discover Discrepancies in Information Provided in This and Other PPA Cases

Defendant attached to its responsive brief its unsigned Answers to Plaintiff's Interrogatories and Responses to Plaintiff's Document Requests. Those pleadings suggest a story that has yet to unfold. Defendant's Answers to Interrogatories fail to identify even one individual at McKesson with knowledge regarding any aspect of PPA. Some of defendant's answers are obtuse.[1] However, those representations are at odds with the limited information plaintiff has obtained from other sources, as set forth in plaintiff's initial brief.

Defendant McKesson is not a typical PPA distributor. McKesson owns a company that also distributed PPA products and actively interfaced with that company on regulatory and

[1] McKesson's Answer to Interrogatory No. 7 (requesting the names of individuals responsible for monitoring PPA adverse reactions, medical literature and the like) states: "…[A]ny communications regarding the labeling and safety of PPA products would have been forwarded to its supplier…"

**LOPEZ, HODES, RESTAINO, MILMAN & SKIKOS**
**13938A Cedar Rd., Suite 373**
**Cleveland, Ohio 44118**
**(216) 921-9314 Telephone**
**(216) 921-9334 Facsimile**

labeling issues, some of which pertained to PPA. Plaintiff is entitled to fully discover the extent of McKesson's participation in and knowledge of those matters, and not rely on written discovery responses that raise more questions than are answered.

**CONCLUSION**

As a practical matter, if this case is remanded to Minnesota now, plaintiff will be forced to try her case against McKesson without the benefit of deposition testimony, Requests for Admissions, and other discovery. Ironically, McKesson will likely seek to re-open case-specific discovery after remand by moving to re-depose plaintiff and to compel independent medical examinations. Defendant will not be prejudiced if discovery in *Quezada* is completed in the MDL. Nor is there any credible basis for alleging that plaintiff has sat on her rights by not aggressively prosecuting this defendant.

Given the hybrid nature of this defendant, its numerous misrepresentations, and the practical implications of remand, plaintiff respectfully requests that she be given until January 22, 2005, one year following transfer of *Quezada* to the MDL, to complete discovery of defendant.

Respectfully submitted this ___12th__ day of August, 2004.

__s/ Jane E. Joseph__________________
Jane E. Joseph (MN Atty No. 167988)
LOPEZ, HODES, RESTAINO,
MILMAN & SKIKO
13938A Cedar Rd., Suite 373
Cleveland, Ohio 44118
(216) 921-9314
(216) 921-9334 (fax)

**THE HONORABLE BARBARA J. ROTHSTEIN**

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF WASHINGTON**

**AT SEATTLE**

**IN RE: PHENYLPROPANOLAMINE**

**(PPA) PRODUCTS LIABILITY LITIGATION** **MDL NO. 1407**

**CERTIFICATE OF SERVICE**

This document relates to:
Quezada v. McKesson Corporation
Case No. 2:02-cv-02599

I, Audrey Schmida, declare under penalty of perjury under the laws of the State of Ohio that the following is true and correct:

I am a citizen of the United States and a resident of Summit County, Ohio. I am over the age of 18 years and am not a party to the within cause. My business mailing address is that of Lopez, Hodes, Restaino, Milman & Skikos, 13938A Cedar Rd., Suite 373, Cleveland, Ohio 44118.

On August 12, 2004 I caused true and correct copies of:

PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO THE COURT'S ORDERTO SHOW CAUSE

to be served by regular U.S. mail upon the defendant's counsel of record:

Patrick H. O'Neill, Jr.
O'Neill & Murphy, LLP
1050 Degree of Honor Building
325 Cedar Street
St. Paul, Minnesota 55101
**Defendants Counsel**

and served via electronic mail upon the following counsel of record:

Lance Palmer, Esq.
LEVINSON FRIEDMAN, P.S.
720 3rd Avenue, Suite 1800
Pacific Building
Seattle, Washington 98104
**Plaintiffs' Liaison Counsel**

Joseph Hurson, Esq.
LANE, POWELL, SPEARS & LUBERSKY, LLP
1420 5th Avenue, Suite 4100
Seattle, Washington 98101
**Defendants' Liaison Counsel**

Douglas A. Hofmann, Esq.
WILLIAMS, KASTNER & GIBBS PLLC
P. O. Box 21926
Seattle, Washington 98111-3926
**Defendants' Liaison Counsel**

Executed this 12th day of August, 2004 at Cleveland, Ohio.

s/Audrey Schmida
Audrey O. Schmida

**LOPEZ, HODES, RESTAINO, MILMAN & SKIKOS**
**13938A Cedar Rd., Suite 373**
**Cleveland, Ohio 44118**
**(216) 921-9314 Telephone**
**(216) 921-9334 Facsimile**