THE HONORABLE BARBARA J. ROTHSTEIN

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: PHENYLPROPANOLAMINE
(PPA) PRODUCTS LIABILITY LITIGATION — MDL No. 1407

This document relates to:

Alicia Quezada v. McKesson Corporation
Case No.: 01-CV-2431 DWF/AJB

**Defendant's Motion to Quash and Motion for Protective Order**

Defendant McKesson Corporation (hereinafter "McKesson"), through counsel, respectfully moves this Court to quash the Plaintiff's Notice of Taking Deposition Duces Tecum of McKesson pursuant to Federal Rule of Civil Procedure 30(b)(6). McKesson also moves for a Protective Order to prohibit such discovery of a non-manufacturing defendant in the MDL on the grounds that this discovery is untimely as the Fact Discovery Deadline in this matter expired on **January 22, 2004**. Moreover, discovery against a non-manufacturer such as McKesson is irrelevant and not permitted under this Court's prior rulings. In further support of these motions, McKesson states as follows:

1. Through the service of an untimely Notice of Taking Deposition Duces Tecum of McKesson pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiff, Alicia Quezada, seeks

the production of a wide range of documents from McKesson and seeks to conduct depositions of McKesson representatives.[1]

2. However, the Fact Discovery Deadline in this matter expired on January 22, 2004. As such, the Notice of Deposition Duces Tecum directed to McKesson is untimely and must be quashed.

3. Moreover, such discovery directed to a non-manufacturer such as McKesson is inappropriate under this Court's prior rulings as it is not calculated to lead to the discovery of relevant evidence.

4. It is undisputed that McKesson did not manufacture the product at issue here, nor did McKesson ever manufacture a PPA-containing product. To the contrary, McKesson was a distributor of PPA-containing products, and distributed Valu-Tapp, the product allegedly taken by Plaintiff in this case.

5. Plaintiff is well aware that L. Perrigo Company ("Perrigo") supplied and Copley Pharmaceutical, Inc., now known as Teva Pharmaceuticals USA, Inc. ("Copley/Teva") manufactured the PPA-containing product at issue in this case.

6. This Court has previously ruled that non-manufacturing defendants are not required to respond to the Master Discovery Request in the MDL. *See* Orders, dated February 26, 2002, and December 3, 2003.[2]

---

[1] See Notice of Taking Deposition Duces Tecum of McKesson pursuant to Federal Rule of Civil Procedure 30(b)(6) attached to Defendant's Memorandum as Exhibit A.

[2] See Order Denying Plaintiffs' Motion to Compel Responses to Plaintiffs' Master First Set of Discovery and Request for Production of Documents from Walgreen Company and Rite Aid Corporation dated December 3, 2003 attached as Exhibit B.

7. Moreover, in this Court's Order of December 3, 2003, and in its recent Order dated September 24, 2004,[3] this Court established that not only are retailers not required to respond to the Master Discovery Requests in the MDL, but that similar discovery sought from non-manufacturing defendants was not relevant

8. Thus, in addition to being time barred, the discovery sought from McKesson is irrelevant, unduly burdensome, and in conflict with this Court's prior rulings regarding discovery against non-manufacturing defendants.

9. Counsel for McKesson has attempted to amicably resolve this discovery dispute with Plaintiff's counsel to no avail.[4]

WHEREFORE, McKesson, prays for an Order pursuant to Federal Rule of Civil Procedure 45(c)(3)(A) and (b) quashing the Notice of Taking Deposition Duces Tecum of McKesson, and a Protective Order pursuant to Federal Rule of Civil Procedure 26(c)(1) preventing such discovery of a non-manufacturing defendant in the MDL.

---

[3] See Order Granting Defendant Cardinal Health's Request to Quash and Motion for Protective Order dated September 24, 2004 attached as Exhibit C.

[4] See Correspondence to Plaintiff's counsel, dated September 23, 2004, October 5, 2004, and October 6, 2004 attached as Exhibits D, E and F respectively and Rule 26(c) Certificate, attached hereto.

RESPECTFULLY SUBMITTED,

O'NEILL & MURPHY, LLP

Dated: ____________________

By: s/Stephen M. Warner

Patrick H. O'Neill, Jr. (#207950)
Stephen M. Warner (#271275)
Cara C. Passaro (#0312587)
1050 Degree of Honor Building
325 Cedar Street
Saint Paul, MN 55101-1015
(651) 292-8100

**Attorneys for Defendant McKesson Corporation**

THE HONORABLE BARBARA J. ROTHSTEIN

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: PHENYLPROPANOLAMINE
(PPA) PRODUCTS LIABILITY LITIGATION MDL No. 1407

This document relates to:

Alicia Quezada v. McKesson Corporation
Case No.: 01-CV-2431 DWF/AJB

**RULE 26(c) CERTIFICATE**

In accordance with Federal Rule of Civil Procedure 26(c), unsigned counsel certifies that he has in good faith attempted to resolve the discovery dispute subject to this Motion to Quash and Motion for Protective Order, without success.

RESPECTFULLY SUBMITTED,

O'NEILL & MURPHY, LLP

Dated: __________________

By: s/Stephen M. Warner
Patrick H. O'Neill, Jr. (#207950)
Stephen M. Warner (#271275)
Cara C. Passaro (#0312587)
1050 Degree of Honor Building
325 Cedar Street
Saint Paul, MN 55101-1015
(651) 292-8100

**Attorneys for Defendant McKesson Corporation**