THE HONORABLE BARBARA J. ROTHSTEIN

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: PHENYLPROPANOLAMINE
(PPA) PRODUCTS LIABILITY LITIGATION

MDL No. 1407

This document relates to:

Alicia Quezada v. McKesson Corporation
Case No.: 01-CV-2431 DWF/AJB

**Defendant's Memorandum in Support of Motion to Quash and Motion for Protective Order**

## INTRODUCTION

Defendant McKesson Corporation (hereinafter "McKesson"), is a non-manufacturer and is the sole defendant in this case. Pursuant to Federal Rules of Civil Procedure 26 and 45, McKesson seeks an Order from this Court quashing the Plaintiff's subpoena directed to McKesson and prohibiting the proposed discovery on the grounds that the Fact Discovery Deadline in this matter expired on **January 22, 2004**, and thus the requested discovery is untimely. Further, the proposed discovery of a non-manufacturer such as McKesson is irrelevant and prohibited under this Court's prior rulings.

## STATEMENT OF FACTS

The Plaintiff, Alicia Quezada, initiated this action on December 28, 2001, two years and one month after the Plaintiff suffered a hemorrhagic stroke on November 29, 1999. Ms.

Quezada claims her stroke was caused by her ingestion of the PPA-containing product, Valu-Tapp. This case was finally docketed in the PPA MDL 1407 on January 22, 2003 after having been erroneously sent to MDL 1203. The Plaintiff timely submitted a substantially complete Fact Sheet on April 28, 2003. Accordingly, pursuant to Case Management Order ("CMO") Nos. 6 and 10, the fact discovery deadline ("FDD") in this matter expired one year from the date the case was docketed in the MDL. Thus, the FDD in this matter expired on **January 22, 2004**.

The Plaintiff's Complaint asserts claims against McKesson, Valu-Tapp's distributor. The Plaintiff failed to name the product's supplier, L. Perrigo Company ("Perrigo"), or the product's manufacturer, Copley Pharmaceutical, Inc., now known as Teva Pharmaceuticals USA, Inc. ("Copley/Teva"). Although, the Plaintiff requested, and McKesson agreed to a stipulation to Amend the Complaint to add Perrigo as a Defendant, Plaintiff subsequently reversed her request and refused to sign the Stipulation. *(See Exhibit G, Correspondence of J. Joseph, Esq. dated June 3, 2003.)*

It is undisputed that McKesson is not a manufacturer of PPA products. McKesson is merely a distributor, and as such, was not obligated to file answers and responses to the MDL Master Discovery directed towards manufacturing defendants.[1] The authority for this position is the Court's prior rulings establishing that the retailer defendants are not subject to the Master Discovery Requests. *See Court's September 2002 Order as well as Court's Order Denying Plaintiffs' Motion to Compel Responses to Plaintiffs' Master First Set of Discovery and Request for Production of Documents from Walgreen Company and Rite Aid Corporation dated December 3, 2003*. Authority also rests with this Court's recent ruling extending this position to

distributor defendants. *See Order Granting Defendant Cardinal Health's Request to Quash and Motion for Protective Order dated September 28, 2004 attached as Exhibit C.*

One day prior to the expiration of the FDD, Plaintiff served a "modified set" of discovery requests, many of which duplicated the MDL Master Discovery. McKesson, in the spirit of cooperation, but expressly indicating that it was not waiving its rights, served responses and objections. Although McKesson responded to this discovery, it objected on the grounds that it was untimely, exceeded the number of interrogatories and requests permitted under the CMOs, and was duplicative of the Master Discovery Requests, which McKesson was not required to answer. (*See McKesson Corporation's Answers to Plaintiff's Interrogatories, and McKesson Corporation's Responses to Plaintiff's Document Requests, attached as Exhibits H and I, respectively*).

Plaintiff served no additional discovery, nor did Plaintiff serve any notices of deposition or seek to conduct depositions prior to the close of discovery. The FDD expired without additional discovery being served or requested, and Plaintiff did not seek an extension of the deadline. It was not until September 15, 2004 that Plaintiff issued the attached 30(b)(6) notice on McKesson. (*See Plaintiff's Notice of Taking Deposition Duces Tecum of McKesson, attached as Exhibit A).*

In addition, not only has the FDD expired, this case is currently the subject of an Order to Show Cause Why this Matter Should Not Be Remanded. The Plaintiff has filed a response arguing that this matter is not ready for remand based on the Plaintiff's desire to conduct

---

[1] As manufacturing defendants in the MDL, both Copley/Teva and Perrigo were subject to extensive discovery, all of which is available to the Plaintiff, even though Copley/Teva and Perrigo are not named defendants in this matter.

discovery of McKesson beyond the expiration of the FDD. This Court has not yet rendered a decision on this issue.

## ARGUMENT

### As a Distributor, McKesson is Not Subject to the Proposed Discovery and Has No Information That is Relevant to this Matter

In addition to the fact that the proposed discovery is now time barred, McKesson is entitled to the entry of an Order quashing the Plaintiff's subpoena because the proposed discovery is irrelevant, seeks information that is duplicative of information already produced by McKesson in this case.

As stated above, McKesson was a distributor of PPA-containing over-the-counter products, including the Valu-Tapp allegedly at issue in this case. At no time did McKesson manufacture PPA-containing products. As stated above, Perrigo is the supplier and Copley/Teva is the manufacturer of this product, neither of which are named defendants in this matter. Plaintiff's election not to name a manufacturing defendant in this case based on the groundless contention that these entities are not subject to jurisdiction in Minnesota does not entitle her to disregard this Court's ruling regarding discovery of non-manufacturing defendants.

These prior rulings regarding the scope of permissible discovery against non-manufacturing defendants is dispositive of this Motion. *(See Order Denying Plaintiffs' Motion to Compel Responses to Plaintiffs' Master First Set of Discovery and Request for Production of Documents from Walgreen Company and Rite Aid Corporation dated December 3, 2003 attached as Exhibit B and See Order Granting Defendant Cardinal Health's Request to Quash and Motion for Protective Order attached as Exhibit C).* In its Order dated December 3, 2003,

this Court held that retailer defendants are not required to respond to the Master Discovery Requests. This Court denied the plaintiffs' motion to compel responses to this discovery based upon its finding that **"[w]ithout a showing that these retailers are indeed manufacturers, plaintiffs failed to establish that defendants have any documents that would be relevant. Nor for that matter, have plaintiffs shown that they need documents in addition to the ones defendants have already produced."** (*See Exhibit B, emphasis added*). Further reiterating this finding, this Court recently held that "**[w]hile the parties do not deny that Cardinal Health distributed a PPA-containing product, plaintiff presents no evidence that Cardinal Health manufactures the product. As such plaintiff has not presented a compelling reason why Cardinal Health should have responded to plaintiff's discovery request.**" (*See Exhibit C, emphasis added*).

Again, as a mere distributor of the product at issue, McKesson representatives have no information that could be potentially relevant that it has not already provided to Plaintiff.[2] Moreover, given that both Perrigo, the distributor of the subject product, and Copley/Teva, the manufacturer of the product, have responded to the Master Discovery and have tendered witnesses for depositions in other MDL cases, there is nothing more that McKesson could produce or offer at a deposition pursuant to the subject subpoena that would be relevant to the instant case. Based upon the untimely service of this discovery, and the prior rulings of this Court, the Motion to Quash should be granted.

[2] It should be noted that the document requests that form part of the Deposition Notice Duces Tecum that Plaintiff served on McKesson are nearly identical to those previously propounded by Plaintiff and responded to by McKesson.

## CONCLUSION

For the reasons set forth above, McKesson respectfully requests that this Court enter an Order quashing the Notice of Taking Deposition Duces Tecum of McKesson pursuant to Federal Rule of Civil Procedure 30(b)(6) and the Subpoena Duces Tecum, and for a Protective Order.

RESPECTFULLY SUBMITTED,

O'NEILL & MURPHY, LLP

Dated: __________________

By s/Stephen M. Warner

Patrick H. O'Neill, Jr. (#207950)
Stephen M. Warner (#271275)
Cara C. Passaro (#0312587)
1050 Degree of Honor Building
325 Cedar Street
Saint Paul, MN 55101-1015
(651) 292-8100

**Attorneys for Defendant McKesson Corporation**