THE HONORABLE BARBARA J. ROTHSTEIN

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION

MDL No. 1407

This document relates to:

Alicia Quezada v. McKesson Corporation
Case No.: 01-CV-2431 DWF/AJB

**ORDER GRANTING DEFENDANT McKESSON CORPORATION'S REQUEST TO QUASH AND MOTION FOR PROTECTIVE ORDER**

This matter comes before the Court on defendant McKesson Corporation's motion to quash plaintiff's subpoena duces tecum and notice of taking deposition duces tecum of defendant. McKesson corporation argues that the discovery should be prohibited on the grounds that it is irrelevant, unduly burdensome and not permitted under the Court's prior rulings. In addition, McKesson Corporation argues that plaintiff's request is untimely. Having considered the motion, together with all supporting and opposing memoranda, the Court finds that the discovery request is untimely, and therefore, GRANTS defendant's motion.[1]

[1] In addition, in a December 3, 2003 order, the court ruled on a similar discovery dispute. In that order, the court denied plaintiffs' motion to compel retailer defendants Walgreen Company and Rite Aid Corporation to respond to Plaintiffs' Master First Set of Discovery. The plaintiffs argued that under the Louisiana Product Liability Act, both

DATED at Seattle, Washington this ______ day of _______________, 2004.

Barbara Jacobs Rothstein
United States District Judge

defendants were manufacturers as defined by the Act based upon their sale of "store brand" PPA-containing products. The court rejected this argument holding that "the Louisiana Product Liability Act is intended to address a different situation, wherein a manufacturer is also a seller under its own label." See December 3, 2003 Order at 3. Therefore, because the plaintiffs presented no evidence that Walgreen and Rite Aid are manufacturers, plaintiffs failed to show that any relevant discovery would be produced by compelling the defendants to respond to plaintiffs' discovery requests. Similarly, in a September 28, 2004 order, the court ruled on a discovery dispute involving a distributor defendant. In that order, the court denied plaintiff's motion to compel a distributor defendant to respond to plaintiff's deposition notice and subpoena duces tecum, finding that the Plaintiff failed to show that any relevant discovery would be produced by the distributor defendant. The court finds that the same reasoning applies here. While the parties do not deny that McKesson distributed a PPA-containing product, plaintiff has not presented a compelling reason why McKesson Corporation should have to respond to plaintiff's discovery request.