UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION,

This document relates to all actions

MDL NO. 1407

ORDER DENYING PLAINTIFFS' MOTIONS TO COMPEL RESPONSES TO PLAINTIFFS' MASTER FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS FROM WALGREEN COMPANY AND RITE AID CORPORATION

THIS MATTER comes before the Court on plaintiffs' Motions to Compel Responses to Plaintiffs' Master First Set of Interrogatories and Requests for Production of Documents (hereinafter "Master Discovery Requests") from Walgreen Company ("Walgreen") and Rite Aid Corporation ("Rite Aid") (collectively, "defendants"). Having reviewed the pleadings filed in support of and in opposition to the motion, the Court finds and rules as follows:

The defendants are Group III defendants, which are those defendants named in any action transferred into MDL 1407 after January 29, 2002. See Case Management Order ("CMO") No. 1, Section V(A)(3). CMO No. 1 requires Group III defendants to respond to the Master Requests for Production

> within sixty (60) days of the transfer to this MDL 1407 of the first action in which it is named and produce all documents responsive to the Master Requests For Production on a rolling basis within one hundred twenty (120) days thereafter, except for those documents withheld under an assertion of privilege or protection, or where an objection has been asserted.

CMO No. 1, Section V(E)(3)(c). Further, Group III defendants must respond to

> all interrogatories contained in the Master First Set of Interrogatories within sixty (60) days of the transfer to this MDL 1407 of the first action in which it is named." CMO No. 1, Section V(F)(2)(c).

Walgreen and Rite Aid have asserted that since they are retailers, they are not required to respond to the Master Discovery Requests. The parties have conferred, but were unable to resolve their dispute, and plaintiffs filed these motions to compel. In their joint opposition ("Joint Opp."), defendants argue: (1) that on February 26, 2002 this Court ruled that retailer defendants need not respond to the Master Discovery Requests; (2) that plaintiffs have failed to demonstrate either the relevance of, or the need for, further discovery from defendants; and (3) plaintiffs' delay in seeking this discovery constitutes a waiver of their right to compel responses.

Plaintiffs' motions to compel are denied. Plaintiffs attempt to characterize defendants as manufacturers by alleging that Walgreen and Rite Aid sold store brand PPA-containing products. Plaintiffs' Motions to Compel at 3. In support of this argument, plaintiffs cite the Louisiana Product Liability Act, which

defines a manufacturer as "[a] person or entity who labels a product as his own or otherwise holds himself out to be the manufacturer of the product." Plaintiffs' Motions to Compel at 3. However, the Louisiana Product Liability Act is intended to address a different situation, wherein a manufacturer is also a seller under its own label. Plaintiffs have presented <u>no evidence whatsoever</u> that these retailers are indeed manufacturers. Without a showing that defendants are manufacturers, plaintiffs have failed to establish that defendants have any documents that would be relevant. Nor, for that matter, have plaintiffs shown that they need documents in addition to the ones defendants have already produced.

Furthermore, on February 26, 2002, this Court ruled that retailer defendants were not subject to the Master Discovery Requests. Although the Court mistakenly went on to assume that all retailer defendants in MDL 1407 were subject to dismissal as having been fraudulently joined, the Court's position regarding the retailer defendants' role with respect to the Master Discovery Requests was clear.

Finally, plaintiffs have waited far too long to complain of the defendants' failure to respond to the Master Discovery Requests. The Court ruled in February 2002 that retailer defendants did not have to respond to the Master Discovery Requests. Plaintiffs' counsel, however, did not request responses until April 2003. <u>See</u> Declaration of Jonathan Allan Klein in Support of

Joint Opposition at ¶ 3; Declaration of T. Haller Jackson in Support of Joint Opposition at ¶ 1; Declaration of Ann M. Smith in Support of Joint Opposition at ¶ 3.

For the foregoing reasons, the Court DENIES Plaintiffs' Motions to Compel.

DATED at Seattle, Washington this 3rd day of December, 2003.

/s/Barbara Jacobs Rothstein
BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT JUDGE