UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION,

This document relates to:

Helen Sanders, et al v. American Home Products Corporation, et al(02-cv-2270)

MDL NO. 1407

ORDER GRANTING DEFENDANT CARDINAL HEALTH'S REQUEST TO QUASH AND MOTION FOR PROTECTIVE ORDER

This matter comes before the court on defendant Cardinal Health's motion to quash plaintiff's subpoena duces tecum and notice of taking deposition duces tecum of defendant. Cardinal Health argues that the discovery should be prohibited on the grounds that it is irrelevant, unduly burdensome and not permitted under the Court's prior rulings. In addition, Cardinal Health contends that plaintiff's request is untimely. Having considered the motion, together with all supporting and opposing memoranda, the court finds that the discovery request is untimely

and, therefore, GRANTS defendant's motion.[1]

DATED at Seattle, Washington this 28th day of September, 2004.

s\Barbara Jacobs Rothstein

_____________________________

BARBARA JACOBS ROTHSTEIN

UNITED STATES DISTRICT JUDGE

---

[1] In addition, in a December 3, 2003 order, the court ruled on a similar discovery dispute. In that order, the court denied plaintiffs' motion to compel retailer defendants Walgreen Company and Rite Aid Corporation to respond to Plaintiffs' Master First Set of Discovery. The plaintiffs argued that under the Louisiana Product Liability Act, both defendants were manufacturers as defined by the Act based upon their sale of "store brand" PPA-containing products. The court rejected this argument holding that "the Louisiana Product Liability Act is intended to address a different situation, wherein a manufacturer is also a seller under its own label." See December 3, 2003 Order at 3. Therefore, because the plaintiffs presented no evidence that Walgreen and Rite Aid are manufacturers, plaintiffs failed to show that any relevant discovery would be produced by compelling the defendants to respond to plaintiffs' discovery requests. The court finds that the same reasoning applies here. While the parties do not deny that Cardinal Health distributed a PPA-containing product, plaintiff presents no evidence that Cardinal Health manufactures the product. As such, plaintiff has not presented a compelling reason why Cardinal Health should have respond to plaintiff's discovery request.