THE HONORABLE BARBARA J. ROTHSTEIN

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, | **MDL: 1407** |
| This document relates to: Quezada v. McKesson Corporation Case No. 2:02-cv-02599 | **PLAINTIFF'S SURREPLY TO DEFENDANT'S REPLY TO MOTION TO QUASH AND MOTION FOR PROTECTIVE ORDER** |

INTRODUCTION

Plaintiff Alicia Quezada submits this surreply pursuant to Local Rule 7(g) of the Western District of Washington, United States District Court, and requests that the court strike the Declaration of John Essig, attached as an exhibit to defendant's reply brief, and all references thereto. (*See attached Declaration of Jane E. Joseph).* After briefing essentially identical issues in 3 separate briefs,[1] defendant waited until its final submission to proffer what amounts to the only

[1] Defendant briefed the issue of its obligation to submit its corporate representatives to depositions in its Response to Plaintiff's Response to the Court's Order to Show Cause Why This Case Should Not Be Remanded, dated August 6,

testimonial evidence in this matter, a Declaration of John Essig, McKesson's Director of Private Brand. Defendant McKesson Corporation has fought to prohibit depositions of its corporate employees yet offers a self-serving statement from an employee that cannot be challenged. Defendant cannot have it both ways. Plaintiff respectfully requests that the Declaration of John Essig and all references thereto be struck from defendant's reply.

ARGUMENT

Defendant McKesson Corporation gambled that it could create the only testimonial record in this matter by submitting a Declaration by a corporate employee without subjecting Mr. Essig and others to depositions. In fact, Mr. Essig's Declaration perfectly illustrates the need for deposition discovery in this matter. McKesson is the only corporate entity identified on the PPA product label at issue in this case[2] yet McKesson seeks to avoid liability on the grounds that it is only a "distributor" of a product manufactured by another company.[3] Without depositions, plaintiff is unable to confront McKesson's self-serving affidavit. That Declaration and all references thereto should be struck from defendant's brief.

In addition, under Minnesota law, distributor and manufacturer liability merge, particularly against the only company whose name is on the product, even if the distributor farms out every aspect of the manufacture of the product. McKesson placed this product into the stream of commerce and is responsible for injuries caused by use of the product. Regardless of the court's

---

2004, Defendant's Motion to Quash and Motion for Protective Order, dated October 8, 2004 and Reply Memorandum In Support of Motion to Quash and motion for Protective Order, dated October 28, 2004.

[2] A Valu-Rite logo is also depicted on the box. Valu-Rite is McKesson's distribution chain of drugstores.

[3] Plaintiff states in her response brief that McKesson is not a manufacturer of the product. That statement only pertains to the court's prior orders distinguishing discovery of manufacturers from non-manufacturers, *not* to McKesson's legal liability under Minnesota law.

**LOPEZ, HODES, RESTAINO, MILMAN & SKIKOS**
**13938A Cedar Rd., Suite 373**
**Cleveland, Ohio 44118**
**(216) 921-9314 Telephone**
**(216) 921-9334 Facsimile**

decision on plaintiff's request to strike, plaintiff should be permitted to depose Essig regarding the statements in his Declaration.

## CONCLUSION

Mr. Essig's conclusory and self-serving Declaration regarding McKesson's non-role in labeling matters and his statement "[t]hat to the best of my knowledge, the distribution of McKesson's private label products to its retail customers is equivalent to the private label program of large retailers, such as Walmart or Walgreens" should not be made part of the record without an opportunity for plaintiff to challenge the veracity and foundation for those statements. Plaintiff therefore respectfully requests that John Essig's Declaration and all references thereto be struck from McKesson's reply brief.

Respectfully submitted this 2nd day of November, 2004.

s/ Jane E. Joseph

Jane E. Joseph (MN Atty. No. 167988)
LOPEZ, HODES, RESTAINO,
MILMAN & SKIKO
13938A Cedar Rd., Suite 373
Cleveland, Ohio 44118
(216) 921-9314
(216) 921-9334 (fax)

**LOPEZ, HODES, RESTAINO, MILMAN & SKIKOS**
**13938A Cedar Rd., Suite 373**
**Cleveland, Ohio 44118**
**(216) 921-9314 Telephone**
**(216) 921-9334 Facsimile**