UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION, | MDL NO. 1407 |
| This document relates to: *Quezada v. McKesson Corp.*, C02-2599 | ORDER GRANTING DEFENDANT'S MOTION TO QUASH |

Defendant McKesson Corporation has filed a motion seeking to quash plaintiff Alicia Quezada's Notice of Taking Deposition Duces Tecum under Fed. R. Civ. P. 30(b)(6), and for a protective order prohibiting attempts by plaintiff to take further discovery.

This case was first docketed in the MDL on January 22, 2003; the plaintiff's fact sheet was completed in a timely manner by April 28, 2003. Under CMOs 6 and 10, therefore, the case-specific discovery in this matter expired on January 22, 2004. Plaintiff strenuously contends that this deadline does not apply to her attempts to take master discovery, which is instead governed by CMO 1. Under CMO 1, however, the master discovery deadline as to a Group III defendant such as McKesson "shall be completed on or before 15 months following the first day of the

month following the docketing of the first action naming said defendant in this MDL 1407." This date as far as the court can calculate is, at the latest, May 1, 2004. Under either CMO 1 or CMO 6, the period for taking both generic and fact-specific discovery in this matter has long passed.

Plaintiff submits that defendant misrepresented that it intended to respond to her timely "MDL Master Discovery Requests," allowing nearly six months to pass before advising her, just two months before the end of discovery, that it would not in fact respond. On these grounds, she argues, she is now entitled to take discovery despite the lapsing of the deadline.

A finding that defendant had acted inappropriately would not tilt the balance of equity in plaintiff's favor, given the extreme and unexplained delay in seeking redress from the court. Plaintiff did not seek a motion to compel upon learning that McKesson did not intend to respond to her initial discovery requests. She did not seek an extension of the discovery deadline in order to make up for lost time. And nearly a year has passed between the time she first learned that McKesson would not cooperate with her discovery attempts and her current efforts to obtain discovery by 30(b)(6) deposition. This case is on the brink of remand.[1] The time for discovery – and any court inter-

---

[1]The court issued an Order to Show Cause Why This Matter Should Not Be Remanded on July 16, 2004. Plaintiff responded, contending (unavailingly, as this order makes clear) that discovery was ongoing.

vention in securing it – has long since passed. Defendant's Motion to Quash and for Protective Order is therefore GRANTED. Because the court did not consider defendant's secondary argument regarding whether discovery of a non-manufacturing defendant is proper, plaintiff's surreply request to strike the declaration of John Essig, which goes to that question, is stricken as moot.

DATED at Seattle, Washington this 17th day of November, 2004.

s/ Barbara Jacobs Rothstein
BARBARA JACOBS ROTHSTEIN
UNITED STATES DISTRICT JUDGE