**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Alicia Quezada,

Plaintiff,

vs.

McKesson Corporation,

Defendant.

Civil No. 01-2431 DWF/AJB

**PRETRIAL ORDER**

Pursuant to the Status/Scheduling Conference convened on October 27, 2005, and in accordance with the provisions of Rule 16, Federal Rules of Civil Procedure, to administer the course of this litigation in a manner which promotes the interests of justice, economy, and judicial efficiency, it is –

ORDERED:

I.

That on August 28, 2001, the Judicial Panel for Multidistrict Litigation designated the United States District Court for the Western District of Washington as the transferee court (the "MDL Court") for all individual, consumer class and other federal cases arising out of the sale or use of over-the-counter cough/cold and appetite suppressant products containing phenylpropanolamine ("PPA") for pre-trial consolidation and coordination. That this case was transferred to the MDL court, where, in accordance with the MDL Court's Case Management Orders, case-specific fact discovery of Plaintiff

and Defendant was completed, as well as generic expert discovery as to causation pursuant to Federal Rules of Evidence 701 and 703 and ***Daubert v. Merrell Dow Pharms.,*** 509 U.S. 579 (1993).

That pursuant to the MDL Court's Final Pretrial Order dated June 15, 2005, the following activities remain to be completed upon remand; case-specific expert designation and discovery; independent medical examinations; updating of medical, employment and Social Security records, any pending case-specific motions; pretrial motion practice including, but not limited to causation motions; and final disposition.

II.

That the period during which the parties may conduct case-specific expert discovery shall terminate on **August 1, 2006.** Disputes with regard to expert discovery shall be called immediately to the Court's attention by the making of an appropriate Motion, and shall not be relied upon by any party as a justification for not adhering to this Pretrial Schedule. No further or additional discovery shall be permitted after the above date except by leave of the Court for good cause shown, and agreements between counsel which contravene the provisions of this Schedule will not be recognized. However, on agreement of Counsel, or with leave of the Court, depositions in lieu of in-Court testimony may be taken after the close of case-specific expert discovery.

III.

That within the foregoing period allotted for expert discovery, by no later than the dates set forth below, the parties shall retain and disclose to opposing counsel all

persons they intend to call as expert witnesses at trial. Each party's disclosure shall identify each expert and state the subject matter on which the expert is expected to testify. The disclosure shall be accompanied by a written report prepared and signed by the witness. As required by Rule 26(a)(2)(B), Federal Rules of Civil Procedure, the report shall contain:

a. The qualifications of the witness, including a list of all publications authored by the witness within the preceding 10 years;

b. The compensation to be paid for the study and testimony;

c. A listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years;

d. A complete statement of all opinions to be expressed and the basis and reasons therefor;

e. The data or other information considered by the witness in forming the opinions; and

f. Any exhibits to be used as a summary of or support for the opinions.

The Plaintiff's disclosures shall be made on or before **April 14, 2006.** The Defendant's disclosures shall be made on or before **June 1, 2006.**

IV.

That the parties contemplate taking case-specific expert depositions. No more than **six** experts may be deposed by any party without prior Order of the Court.

V.

That an Independent Medical Examination(s) of the Plaintiff shall be conducted by **May 1, 2006**.

VI.

That each party shall fully supplement all discovery responses according to the Federal Rules of Civil Procedure. Any evidence responsive to a discovery request which has not been disclosed on or before **August 1, 2006**, except for good cause shown, shall be excluded from evidence at trial. Plaintiff's medical, employment and Social Security records shall be updated by **March 31, 2006**.

VII.

That all dispositive Motions shall be filed and the Hearing thereon completed prior to **September 1, 2006.** All dispositive Motions shall be scheduled, filed and served in compliance with Local Rule 7.1(b). Counsel are forewarned that six to eight weeks advance notice is necessary to place a dispositive Motion on the calendar.

VIII.

That all other non-dispositive Motions shall be filed and the Hearing thereon completed prior to **August 1, 2006,** by calling Kathy Thobe, Judicial Assistant for Magistrate Judge Arthur J. Boylan. All non-dispositive Motions shall be scheduled, filed, and served in compliance with Local Rule 7.1(a). No discovery Motion shall be heard unless the moving party files with the Motion the statement required by Local Rule 37.1, and complies with the requirements of Local Rule 37.2.

IX.

That this case shall be ready for trial on **November 1, 2006.**

BY THE COURT:

s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge

Dated: October 27, 2005